Fox v. Fox.

---

## JACOB FOX v. MARY M. FOX.

PLEADINGS IN DIVORCE SUIT.—If the complaint in an action to obtain a divorce avers the marriage of plaintiff and defendant, and the answer does not deny the averment, it is an admission of the fact for the purposes of the trial, and the marriage need not be proved.

FINDING OF FACTS.—Facts averred in the complaint and not denied in the answer, are not required to be found by the Court.

DECLARATIONS AS EVIDENCE.—If the deposition of a witness has been introduced on behalf of one party, the other may prove his confessions or declarations for the purpose of contradicting his deposition or impeaching his credit.

OBJECTION TO A QUESTION.—An inquiry of a witness, whether he has heard a person, not a party to the suit, say anything about the matter in controversy, is not objectionable. If such question, merely, is objected to, and the witness afterwards states what the conversation was, the evidence will be allowed to remain, unless the other party objects to the testimony or moves to strike it out.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

ı The facts are stated in the opinion of the Court.

*Robinson & McConnell*, for Appellant.

There is no proof of the marriage of the parties. This is essential. The plaintiff must allege and *prove* his marriage with the defendant. The marriage is the foundation of the whole proceeding. (Bishop on Marriage and Divorce, 3d Ed. §§314, 315, and cases there cited.)

Proof of the marriage of the parties is as material as proof of the adultery. (*Aborgart* v. *Aborgart*, 8 How. Pr. R. 298; *Dobbs* v. *Dobbs*, 3 Edwards' Ch. R. 377.)

When the defendant does not contest the marriage, the plaintiff must *prove* it in connection with his other allegations. (Bishop on Marriage and Divorce, 3d Ed. §315, and cases there cited.)

The Court will require *proof* of the marriage even though the party accused makes default of appearance. (*Williams* v. *Williams*, 3 Greenleaf. 135.)

The necessity of proving the marriage arises not only from the fact that the marriage is an essential ingredient in the offense alleged, since no violation of matrimonial duty can take place where the matrimonial relation does not exist, but, likewise, from the consideration that as divorce is the suspension or dissolution of this relation, if there is no relation subsisting there is nothing for the divorce to act upon. (Bishop on Marriage and Divorce, 3d Ed. §315, and cases there cited.)

The conclusion that we arrive at from these authorities is, that the plaintiff must not only allege his marriage with the

defendant, but he must *prove* it, even though the party accused makes default of appearance, or when the defendant does not contest the marriage.

The amount and species of proof necessary to establish a marriage in suits for divorce and separation seems not to be very clearly defined upon authority. (Bishop on Marriage and Divorce, 3d Ed. §318, and cases there cited.)

But in a suit for divorce on the ground of adultery, like the case at bar, the rule seems to be clearly settled upon both principle and authority that there must be proof of an *actual* marriage in opposition to proof by cohabitation, reputation, and other circumstances from which a marriage may be inferred. (2 Greenleaf on Evidence, §49, and cases there cited; 1 Phillips on Evidence, Cowen & Hill's, and Edwards' notes, 631, and cases there cited; *Case* v. *Case*, 17 Cal. 598; Bishop on Marriage and Divorce, 3d Ed. §§324, 325.)

*Henry Stow*, for Respondent.

Here is a serious and solemn admitted fact that the defendant was married to plaintiff, by not denying it in the answer.

*The object of the rule requiring proof in corroboration of defendant's confessions is to guard against collusion*; and when the entire testimony, confessions and circumstances repel all suspicion of collusion, and leave no doubt of the truth of the confessions, the Court should act upon them. (*Baker* v. *Baker*, 13 Cal. 87.)

By the Court, RHODES, J.

This is an action for a divorce *a vinculo matrimonii*, on the alleged ground of adultery. The Court found for the plaintiff, and decreed a divorce. The defendant's motion for a new trial was denied, and she appeals from the order and the judgment.

The appellant assigns for error the failure of the plaintiff to prove the marriage. The plaintiff alleges that he was married to the defendant in 1852, in the City of Chicago, and that ever since that time they have lived together as husband and wife.

The defendant failed to deny this allegation, and it thereby stands admitted as fully as if she had expressly alleged it to be true, and in any civil action, except an action for a divorce, her admission thus made upon the record, of the fact of the marriage, would be conclusive upon her, and no evidence on the point would be required. The Act concerning divorces (section eight) provides that " no divorce shall be granted in any action by default of the defendant, nor on the admission or statement of either party; but in all cases the Court shall require proof of the facts alleged as the grounds for divorce.".

What are the grounds for a divorce referred to in the statute? They are those causes enumerated in section four of said Act—natural impotence, adultery, extreme cruelty, wilful desertion, and the other grounds mentioned in that section. The marriage is in no sense a ground for the divorce. The marriage must have been solemnized before an action can be maintained for its dissolution, but the existence of that fact being found, then the legal causes for its dissolution constitute the grounds mentioned in the statute, of which proof is required. The statute was framed to prevent collusion between the parties, having for its object the dissolution of the marriage relation, not its creation. The fact of the marriage is fully established by the defendant's failure to deny it in her answer, and that is equivalent to the most direct proof.

The appellant makes the point that the finding is insufficient to authorize the decree, because there was no finding of the fact of the marriage. That fact was not in issue between the parties, and therefore was not required to be found by the Court.

There was no error in admitting in evidence the confessions of David Fox, the alleged *particeps criminis*, for his deposition had been taken in behalf of the defendant, and his confessions previously made were admissible and competent to contradict him or impeach his credit. While a witness for the plaintiff, who lived in the same house with the defendant and the child of the parties, aged about six years, was testifying on behalf of the plaintiff, he asked the witness this question: " Did you

ever hear the child say anything about her mother sleeping with Uncle David?" The defendant objected to the question as "leading, incompetent; that the child would not be a comtent witness on account of its age." The Court overruled the objection. The question was not leading, and if it had been it was admissible in that form, in the discretion of the Court. The objection on the ground of the tender age of the child is not worthy of any consideration, for if the declarations of any person in respect to the subject of the inquiry were admissible those of the child would be. The objection cannot be maintained on the ground that the testimony was incompetent. The inquiry was not what the child had said, but was preliminary to questions relating to that subject. The only proper answer to the question asked was simply "Yes" or "No;" and if answered in the affirmative it might be proper, after showing that the mother was present, to ask what the child said, for the purpose of proving what was her mother's language, conduct, or demeanor when the child made the declaration.

The witness, instead of answering the question, went on to state what the child said, and what another person thereupon said, without objection on the part of the defendant. If the defendant had objected to such testimony, or if after it had been given, without showing the presence of the defendant, she had moved for its exclusion, it would have been error for the Court to have overruled the objection or motion. But no such objection was made. It was confined to the preliminary inquiry, whether the witness had heard the child say anything about the matter referred to in the question.

Judgment affirmed.