Hon. HIRAM KNOWLES, } Justices.
Hon. GEORGE G. SYMES, }

## McCormick, respondent, v. Largey et al., appellants.

PARTNERSHIP — *no accounting necessary if profits are not denied.* In an action to recover a certain sum as the share of the profits of a partnership transaction, a reference or accounting is not necessary, if the answer does not deny that such profits were made.

DEPOSITION — *when certificate is insufficient.* The certificate of a deposition, which does not state that the witness was sworn before giving his evidence, or that it was read to, or corrected by, the witness, is insufficient.

DEPOSITION TAKEN BY NOTARY PUBLIC OF A STATE. A deposition, which has been taken by a notary public in any State, cannot be read in evidence in the courts of this Territory.

PRACTICE — *presumption in favor of ruling of court below.* If the transcript does not contain the certificate of a deposition, this court will presume in favor of the court below that such certificate is insufficient, although the clerk says in a note in the transcript, "Here follows the proper certificate."

DEPOSITION — *narrative form.* A deposition, which is taken in the narrative form, is legal.

*Appeal from the Third District, Lewis and Clarke County.*

This action was tried in the district court in Lewis and Clarke county, in April, 1870, and the jury returned a verdict for McCormick for $5,843.75, on which the court entered judgment. During the trial the defendants offered in evidence the depositions of S. B. Rice and L. S. Wild. The plaintiff moved to suppress the portions of the same that were taken in narrative form. The defendants also offered in evidence the deposition of S. A. Willey. The plaintiff moved to suppress this deposition, because it was taken by a notary public in the State of Vermont, on February 18, 1869. The court, Knowles, J., sustained both motions, and defendants excepted.

The other facts are stated in the opinion.

Word & Spratt, for appellants.

The pleadings do not support the judgment. It is a rule in chancery, not affected by our Code, that no relief can be granted for matters not charged in the complaint, although they may be apparent from some parts of the pleadings and evidence. The only issue submitted to the jury was this: Whether or not a partnership existed between the parties? When they found this issue their power ceased. Their finding for the sum of $5,843.75 was outside of this issue and pleadings, and absolutely void. 8 Abb. Dig. 368; *Kelsey* v. *Western*, 2 Comst. 506; *Bailey* v. *Ryder*, 6 Seld. 363.

The court erred in not disregarding that portion of the verdict which found for plaintiff for $5,843.75. It should have ordered an account to be taken of the partnership dealings between the plaintiff and defendant, Largey, in accordance with the prayer of the complaint and practice in courts of equity.

The court erred in suppressing the depositions of Willey, Rice and Wild, and thereby excluding material evidence for appellants' defense. *Carpenter* v. *Norris*, 20 Cal. 437; *Merle* v. *Matthews*, 26 id. 467; *Janson* v. *Brooks*, 29 id. 214; 1 Greenl. Ev., §§ 320, 390.

Appellants' counsel also cited the following authorities in reply to those relied on by respondent: Civil Prac. Act, §§ 322 to 326 ; *Harper* v. *Minor*, 27 Cal. 107 ; *Lucas* v. *San Francisco*, 28 id. 591 ; *Solomon* v. *Reese*, 34 id. 28 ; *Cowing* v. *Rodgers*, 34 id. 648 ; *Putnam* v. *Samplin*, 36 id. 151 ; *Sharp* v. *Daugherty*, 33 id. 505.

CHUMASERO & CHADWICK and WOOLFOLK & TOOLE, for respondent.

The respondent's right to one-half of the profits was denied in the answer, but the amount of the profits is not denied ; it is therefore admitted. No accounting was necessary under the pleadings. When the jury found that the respondent was entitled to one-half of the profits, the court was authorized to enter judgment.

There was no motion for a new trial in the court below, and no exceptions were taken to the findings, which are therefore conclusive. This court cannot go beyond the judgment roll and the decree must stand, if the findings support it. *Duff* v. *Fisher*, 15 Cal. 378 ; *James* v. *Williams*, 31 id. 211 ; *Lucas* v. *San Francisco*, 28 id. 591 ; 2 Danls. Ch. Pr. 1330, 1365 ; 1 Barb. Ch. Pr. 446, 465.

No finding as to the amount due respondent was necessary to sustain the judgment. No issue being made thereon by the answer, the fact is immaterial and cannot be assigned as error. *Swift* v. *Muygridge*, 8 Cal. 445 ; *Fox* v. *Fox*, 25 id. 587.

The suppression of the depositions was not error. The so-called depositions of Rice and Wild were simply affidavits, and could not be read as evidence upon the trial. The deposition of Willey was not taken according to the statute. Civ. Pr. Act, §§ 404, 405 ; Acts 1869, 66, § 17.

SYMES, J. This was an action brought by plaintiff against the defendant, for one-half the profits arising from the fulfilling of a contract for supplying forage to the government. The complaint alleged that defendant Largey entered into a contract with N. S. Constable, United States quartermaster,

to deliver several thousand pounds of oats and hay to the military posts of forts Shaw and Ellis ; that plaintiff became jointly interested with him in said contract, and that the profits arising from said contract were $11,687.40, and demanded judgment for half that amount.

Largey, only, appeared and answered, and denied that plaintiff was jointly interested with him in the contract, and admitted that he had agreed, on condition that plaintiff would procure and execute the necessary bond to the United States quartermaster, for the faithful performance of the contract, and devote time and attention to buying grain, and furnish some of the money to purchase same, he might become jointly interested with him, and alleged that plaintiff did not furnish the bond or perform said conditions, and denied his right to any interest in the profits.

The case was tried at the March term, 1869, and a verdict found for plaintiff for the sum of $5,843.75, and the jury specially found that plaintiff and defendant Largey entered into a copartnership to fulfill the contract Largey had made to supply the government with forage, and that said plaintiff and defendant Largey sublet said contract to defendants, Kirkendale and McAdow, to be by them performed.

The errors assigned are : 1. That the court erred in not disregarding that portion of the verdict which found $5,843,75 for plaintiff, and ordering an account to be taken of the partnership dealings. 2. That the court erred in suppressing depositions offered in evidence by defendants.

The amount of profits alleged by plaintiff to have resulted from the joint or copartnership transaction was not denied in the answer. The only issue raised by the pleadings was, whether or not plaintiff and defendant Largey were jointly interested in the contract, and plaintiff entitled to one-half the profits arising therefrom. The jury found specially for the plaintiff on this issue, and found, further, in accordance with allegations of complaint, that as partners, they sublet the contract ; and, in the general verdict, found for the plaintiff half the amount alleged in the complaint to have arisen from the joint transaction. The plaintiff did not ask

for an accounting, but alleged a single transaction to have taken place between him and defendant; that the same was entirely closed; that the profits arising therefrom amounted to $11,687.50, and ask judgment for $5,843.75, his share under the partnership. Sections 182 and 183 of the Civil Code provides when a reference may be ordered, but in no case is it mandatory that there shall be a reference. There was no occasion for a reference in this case; there were no partnership or other accounts to be examined; there was no dispute as to the amount of profits arising from the fulfilling of the contract. The jury, after finding specially that the parties were jointly interested, found, in their general ver dict for the plaintiff, half the amount admitted to have arisen from the joint transaction which had been closed. The court could have rendered judgment for said amount on the special findings of the jury, and pleadings, without the general verdict, the amount not being denied in the answer. *Fox v. Fox*, 25 Cal. 587.

The certificate attached to the deposition of S. A. Willey is not sufficient; it does not state that the witness was sworn before giving his evidence, nor that it was read to the witness or corrected by him, and the deposition was taken out of this Territory in the State of Vermont, by a notary public, which officer could not take depositions out of this Territory to be used therein; and, if empowered, there is no certificate attached that he was a notary public, duly commissioned and qualified to act as such. Civil Code, §§ 404, 405, 408. In the bill of exceptions, excepting to the suppressing of the depositions of Rice & Wild, there is no certificate of the officer attached. The clerk puts a note in the transcript, saying "here follows the proper certificate," but the court, from this, cannot say that there was a proper certificate, and will presume, in favor of the court below, that there was not.

The bill of exceptions, to suppressing the depositions, states that they were objected to because taken in the narrative form, and that the court sustained this objection. We are acquainted with no rule of law which prevents deposi-

tions being taken in the narrative form. A witness stating all he may know of the matters in issue in a case, in answer to one question, would be as legal as if he told it in answer to many, and better than to allow numerous questions, which, although legal, may tend to inform the witness the answers sought. The court erred in giving this as a reason for suppressing the depositions, but the error does not affect the judgment from any thing seen in the transcript.

*Exceptions overruled.*