## ANDERSON v. ALSETH.

In an action at law tried to the court without a jury, material issues tendered by the complaint, and admitted or not denied in the answer, require no findings of fact.

(Syllabus by the Court.   Opinion filed Feb. 19, 1896.)

Appeal from circuit court, Kingsbury county.   Hon. J. O. ANDREWS, Judge.

This case was first decided by this court in an opinion filed February 23, 1895, reported in 62 N. W. Rep. 435, in which opinion the judgment of the trial court in favor of the plaintiff was reversed.   A rehearing was subsequently granted and the case reargued.   This opinion is upon the rehearing. The former opinion is vacated and the judgment appealed from is affirmed.

The facts are stated in the opinion.

*C. A. Savage,* for appellant.

An error apparent of record in a final judgment of the court may be reviewed by the supreme court without a motion

for a new trial. Crawford v. Shaft, 27 Pac. 156. A judgment not supported by the pleadings may be reversed without any motion for a new trial or exceptions taken to the judgment. Columbia Land Co. v. Daley, 26 Pac. 1042; Hefferen v. Northern Pac. R. R. Co. 48 N. W. 1; Craver v. Dewey, 13 Cal. 42; Sanford v. Bell, 48 N. W. 434; Nichols v. Burns, 37 N. W. 753. The refusal or failure of the court to make any findings whatever upon a question of fact tending to sustain it, is a ruling upon a question of of law, duly excepted to, serves as a notice to the respondent of an intention to raise a question of legal error and puts upon him the responsibility of adding by amendment any omitted evidence on the question. Bernstein v. Meech, 29 N. E. 254; Hoplin v. Phoenix Ins. Co., 23 N. E. 482; Hodges v. Ludlum, 47 N. W. 805. The rule that presumption will be made in favor of the trial court does not apply where the record affirmatively shows a material error. Nelson v. Welsh, 17 N. E. 569.

*Chas. S. Whiting*, for respondent, on rehearing.

In the lower court no objection was made to a judgment because of lack of sufficient findings. Wilkinson v. Wilkinson, (Wis.) 18 N. W. 527. While no fact will be presumed for the purpose of reversing a judgment, on the other hand, where there is no finding on a certain point, the court will presume on appeal that all findings necessary to support the judgment were found. Gates v. Andrews, 37 N. Y. 657; S. C. 97 Amer. Dec. 764; Backout v. Swift, 26 Cal. 433; S. C. 87 Amer. Dec. 90. Every material fact not found must be presumed in favor of the judgment. James v. Adams, 19 Nev. 78; S. C. 3 Amer. St. Rep. 788. When an action is tried by the court without a jury, the judgment will not be reversed because there are no separate findings of fact and conclusions of law, unless an exception is taken for that cause in the court below. Williams v. Ely, 13 Wis. 5; Sheldon v. Rockwell, 76 Amer. Dec. 265; S. C. 9 Wis. 166; McClusky v. Cerhauser, 2 Nev. 47; S. C. 90 Amer. Dec. 512; Fletcher v. Martin, 126 Ind. 55; S. C. 25 N. E. 886;

Tackaberry v. City Nat. Bank, 22 S. W. 299; Duteertre v. Shallenberger, 31 Nev. 509—S. C. 34 Pac. 449; North v. Peters, 11 Sup, Ct. 346—S. C. 138 U. S. 271.   The failure of the court to find certain material facts in an action tried without a jury will not be reviewed on appeal where the unsuccessful party fails to apply to the trial court to make such findings.   Nolan v. Bull, (Or.) 33 Pac. 983.

FULLER, J.   This case, now before us for the second time, is an action in claim and delivery to obtain the immediate possession of certain grain for the purpose of foreclosing a statutory lien for threshing the same.   There was a trial in the court below without a jury.   Judgment was entered against the defendant upon findings of fact and conclusions of law favorable to plaintiff, and the defendant appeals.   The judgment was reversed, and upon application of respondent's counsel a rehearing was awarded.   A full statement of the facts is contained in our former opinion, reported in 62 N. W. 435, and, so far as we shall adhere to the law applied thereto, a reproduction thereof is unnecessary.   At the former hearing respondent's counsel made no argument, and no brief was filed in his behalf.   It was contended by counsel for appellant then, as now, that there was no evidence or finding that S. J. Flynn (respondent's assignor) was the owner of and operated the machine with which the grain in controversy was threshed, and that the court failed to find "that said S. J. Flynn has made an account in writing, stating the kind of grain and the number of bushels threshed, the price agreed upon for such work, and that the same was not in excess of the price usually charged for such services, the name of the person for whom such threshing was done, and the description of the land upon which said grain was grown, and that he made oath to the correctness of the account."   So far as essential to a determination of the questions which we find is necessary to reconsider, Chap. 88 of the Laws of 1889, creating a lien for threshing, is as follows;

"Every person or persons owning and operating a threshing machine shall have a lien from the date of threshing upon all grain threshed by him with such machine for the value of the services so rendered in doing such threshing.  *  *  *  Any person entitled to a lien under this act shall make an account in writing stating the kind of grain and the number of bushels threshed, the price agreed upon for such work, which shall not be in excess of the price usually charged for such services, the name of the person for whom said threshing was done and a description of the land upon which said grain was grown and after making oath to the correctness of the account shall file the same in the office of the register of deeds of the county in which the person owning such grain resides." As stated in our former opinion, the trial court made no finding, "either in terms or in substance, that the assignor of the plaintiff owned and operated the threshing machine by which the grain was threshed," and under the above-quoted provision, and upon the authority of Parker v. Bank (N. D.), 54 N. W. 313, we rightfully concluded as a matter of law that the omission to find this vital question in favor of plaintiff was sufficient to require a reversal of the judgment; but now, upon an examination of the complaint and answer in the case, to which our especial attention is directed for the first time by counsel for respondent, we find that the question was in no manner at issue.

It is alleged in the complaint and admitted in the answer that the plaintiff, S. J. Flynn, owned and operated the threshing machine with which, and at the time, the grain in controversy was threshed. The question not being at issue, no finding of fact thereon was necessary. Humpfner v. D. M. Osborne & Co., 2 S. D. 310, 50 N. W. 88; Barto v. Himrod, 8 N. Y. 483. While the court's findings of fact, like a special verdict of a jury, when considered with the pleadings in the case, must support the judgment based thereon, issuable facts, tendered by the complaint, and admitted or not denied in the answer, require no findings by the court. Fox v. Fox, 25 Cal.

587; Swift v. Muygridge, 8 Cal. 445. It is clearly obvious that the remaining objections to the findings of fact, when considered, with the undenied and consequently'admitted, averments of the complaint, must yield to the force of the rule herein announced; and that said averments, admissions, and findings, when considered together, show a substantial compliance with every statutory requirement, entitling respondent to the benefits of the lien which he seeks to enforce. So far as the same is consistent with respondent's right to recover, we adopt without further discussion the reasoning of our former opinion, and by disaffirming, as we must, the result there reached, we are led to affirm in all things the judgment of the trial court; and it is so ordered.