## HOFFMAN v. HOFFMAN.

A court cannot adjudge a person in contempt without making findings of fact showing as a matter of law that such person is in fact guilty.

(Opinion filed, June 27, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Henry Hoffman against Ellen Marie Hoffman. From a judgment finding plaintiff guilty of contempt and providing for his punishment, he appeals. Reversed.

*Null & Royhl,* for appellant.

Imprisonment does not follow in civil contempt unless it is found by the court that the party has the ability to comply with the order of the court. Steller v. Steller, 25 Mich. 159; Lewis v. Lewis, 80 Ga. 706; Carlton v. Carlton, 44 Ga. 216; Pain v. Pain, 80 N. C. 322; Blake v. People, 80 Ill. 11; Ex parta Cottorell, 59 Cal. 417; Ex parta Todd, 50 Pac. 1071; Newhouse v. Newhouse, 14 Or. 290; Galland v. Galland, 44 Cal. 475; O'Callaghan v. O'Callaghan, 69 Ill. 552; Peel v. Peel, 50 Iowa, 521; Allen v. Allen, 72 Iowa, 502; Re Wilson, 75 Cal. 580; Hurd v. Hurd, 65 N. W. 728. The mere failure to pay money is not contempt, and the court cannot rightfully imprison for mere non-payment of money. Hurd v. Hurd, 65 N. W. 728; Blake v. People, 80 Ill. 11; Golson v. Holman, 4 S. E. 811.

*Muller & Conway,* for respondent.

Attachment of the person will lie for failure to comply with an order awarding alimony and counsel fees. Brown v. Brown, Sup. Court of Michigan, 97 N. W. 397. The order of the circuit court requiring the appellant to pay a certain sum of money to defendant's attorney for defendant's use is not a debt within the constitutional provisions prohibiting imprisonment for debt. Ex parte Davis, 100 S. W. 394; 17 Century Digest, Sec. 756; State v. Knight, 3 S. D. 509; Cean v. Charles Bloomer, 191 Ill. 416; Shaffner v. Shaffner, 212 Ill. 492; Schuele v. Schuele, 57 Ill. App. 554; O'Callaghan v. O'Callagahan, 69 Ill. 554.

WHITING, P. J. This is an appeal from the judgment of the circuit court adjudging the appellant guilty of contempt of

said court, and which judgment provided for his punishment by imprisonment. The action out of which this matter arose was one brought for divorce, in which said action the appellant was plaintiff. In said action the court, upon proper notice, had entered an order requiring this appellant to pay certain sums by way of temporary alimony, suit money, and attorney's fees, and the appellant, having neglected to make the payments as ordered, was brought to the court upon an order to show cause, requiring him to show cause why he should not be punished for contempt owing to his failure to obey said order of such court directing him to pay alimony and suit moneys. Upon the return of such order to show cause, the appellant submitted his own and another affidavit to substantiate the claim of appellant that he was financially unable to obey the said order requiring such money payments. Upon such hearing on said order to show cause, the court rendered a judgment, as hereinbefore noted, finding the appellant in contempt and punishing him by imprisonment. There appears to have been no separate findings of fact made by the court, and the judgment itself, after setting forth the jurisdictional matters, so far as it purported to find facts showing the apellant guilty of contempt, was in words as follows: "And the court having read the affidavits of the plaintiff in reply to said order to show cause as aforesaid, and heard arguments of counsel in behalf of the plaintiff and in behalf of the defendant, and being fully advised in the matter and having duly considered the same, and it further appearing that the plaintiff has refused to comply with the conditions of said order of February 1, 1910, and that he is now in contempt of court and guilty of disobedience of said order." Appellant upon this appeal assigns as error the omission of the court to make any finding as to the ability of appellant to comply with the court's order requiring the said money payments; also, the adjudging of the appellant to be guilty of contempt without a finding that appellant was financially able to comply with the court's order. Certain other assignments are saved in the record, but, in the view which we take of this case, it is unnecessary for the same to be considered.

The sole question for our consideration herein is whether the court has the right to adjudge a party to be in contempt of court

without in any manner making findings of fact showing as a matter of law that the party accused, was in fact guilty of contempt. A similar question arose in the case of In re Deaton, 105 N. C. 59, 11 S. E. 244, wherein a party had been adjudged guilty of contempt for acts not committed in the presence of the court; and in relation to the point before us the court said: "It is the duty of the court in passing sentence for contempt when committed in the presence of the court, though no appeal lies, to spread its findings of fact upon the record. Code, § 650. The reasons therefor are given in State v. Mott, 49 N. C. 449, cited above. For a stronger reason, they should be set out in this class of contempts in which the party is entitled to have the matter reviewed by an appeal. The judgment of the mayor, as set out in the record, is fatally defective as to the allegation of publishing grossly inaccurate accounts of judicial proceedings, in that it does not set out and recite in what the publication consisted. It is true that in the notice to show cause a certain article is charged and set out as published by the respondents. But in the judgment there is no specific finding that such article was published by the defendant, nor, if a part, what was proven. It can only be inferred. This is not sufficient. The article must be set out in the judgment, and its publication, and the intent with which it was published, must be found as facts by the court." In North Carolina there is no statute requiring findings in contempt proceedings where the contempt charged was not committed in the presence of the court, and in our own state we have no such provision, but in this state we have, in reference to contempt proceedings in justice court, a provision of our statute very similar to the North Carolina statute (Code, § 650, supra) ; our section being section 89 of the Revised Justice Code, and reading as follows: "When a contempt is committed in the immediate view and presence of the justice, it may be punished summarily; to that end an order must be made, reciting the facts as they occurred, and adjudging that the person proceded against is thereby guilty of contempt, and that he be punished as therein prescribed." And we may well say that, in conformity with the spirit of this statute and in view of the unusual nature of contempt proceedings, and, further, in order to carefully

guard the rights of our citizens, no court should render any judgment punishing one for contempt of such court without either by separate findings of fact or by incorporating findings in the judgment itself clearly and specifically find the facts upon which the judgment of the court is based.

In the case of People ex rel. Field v. Turner, 1 Cal. 152, the Supreme Court of that state, after considering this question quite fully and showing the reasons why such findings should be made, said: "We think it follows from the distinctions above considered that the final order of the court, by which a party is adjudged to have been guilty of a contempt, should always show upon its face the facts upon which the exercise of the power is based, and the adjudication made. This is certainly the general, if not the uniform, practice." It is true in that case that there was absolutely no findings in the judgment, but we think that, even if there were some findings, unless such findings were sufficient to warrant the conclusion of the court, the judgment could not stand, and it must be conceded that in the case at bar, where there were no findings, either to the effect that appellant was financially able to obey the order of the court, or that he had willfully and intentionally rendered himself unable to obey such order, there was insufficient to warrant the judgment. It is true that in a later California case—Ex parte Henshaw, 73 Cal. 486, 15 Pac. 110—the court found that no findings of the court were necessary, and distinguished the Turner Case, but an examination of said case shows that as a matter of fact the court virtually made complete findings, in that in the judgment the court referred to the charges presented against the party found guilty of contempt and specifically declared that the court found each and every one of such allegations to be true.

For all that may appear from the records herein, the trial court punished this defendant without finding that he was acting willfully or contumaciously in not obeying the court's order.

The judgment of the circut court punishing the appellant for contempt is reversed.