ABERDEEN CLOTHING COMPANY, Appellant, v. JUST,
Respondent.

(143 N. W. 900.)

1.  **Execution—Supplementary Proceedings—Order for Payment of
    Judgment—Disobedience—Punishment As For Contempt.**

    Under an order in a proceeding for examination of a judg-
    ment debtor, requiring him to pay the judgment, and providing
    that if he did not do so the clerk should issue a commitment
    commanding sheriff to arrest the debtor and confine him in
    jail, a commitment issued by the clerk was unauthorized and
    void, since, if debtor's disobedience of the order was a con-
    tempt punishable under Code Civ. Proc., Sec. 409, which pro-
    vides that any person disobeying an order of the judge in such
    a proceeding may be punished by the judge as for a contempt,
    the debtor could not be so punished without being cited to
    appear and given a hearing and opportunity to purge himself
    from the contempt.

2.  **Same—Supplementary Proceedings—Order for Payment—Finding
    Necessary.**

    Under Code Civ. Proc., Sec. 403, providing that, under pro-

ceedings supplementary. to execution, the judge may order property not exempt from execution to be applied toward satisfaction of the judgment, an order finding that debtor had property not exempt sufficient to pay the judgment, without finding that he was possessed of any money, and ordering him to pay the sum due on the judgment, was unauthorized.

(Opinion filed November 18, 1913.)

Appeal from Circuit Court, Roberts County.    Hon. FRANK McNULTY, Judge.

Action by the Aberdeen Clothing Company against Paul Just. From an order vacating an order in a proceeding supplementary to execution, plaintiff appeals.    Affirmed.

*J. J. Batterton,* for Appellant.

The order of Judge Carpenter referred to, is in the usual and ordinary form.   New York Code of Civil Procedure, 4 Wait Pr. 169.

The order of Judge McNulty is erroneous and should be reversed, for the reason that the court, through Acting Judge Carpenter, had full power and authority to make the order of February 22, 1913, and that the provisions of C. C. P. 403, 409, authorizing the imprisonment of a judgment debtor in a proceeding of this kind, where he has shown, and the court finds, that he has ability to comply with the order of the court, are constitutional and valid.

Statutes authorizing the imprisonment of a debtor after the return of an execution unsatisfied and proof that he has property legally applicable to the discharge of his liabilities, are valid and constitutional.   The imprisonment in such case is not for debt, but for the neglect and refusal to perform a moral and legal duty, the performance resting in the ability of the debtor.   Freeman Ex. Vol. 3, Sec. 451; 8 Cyc. 883.

*Howard Babcock,* for Respondent.

An order of this character must recite that from an examination of debtor it appears that he has in his possession or under his control the sum of money he is therein ordered to pay.   4 Wait, Pr. 169, 170: In re Blair, 4 Wis. pp. 521-537.

Neither could the court convict the debtor of contempt of court without a hearing.   And there can be no pretense that the

defendant, Paul Just, has ever been convicted of contempt of court.

GATES, J. [1, 2] The plaintiff had obtained a judgment against the defendant in a sum exceeding $25 exclusive of costs. Execution had been issued and returned unsatisfied. Thereupon plaintiff's attorney presented an affidavit to the trial court for an order requiring the defendant to appear and answer concerning his property, as provided in chapter 14 of the Code of Civil Procedure. The order was issued, the defendant appeared, and an examination was had before Hon. Clay Carpenter, judge, acting in the absence of Hon. Frank McNulty. As the result of such examination, an order was made by the court through Hon. Clay Carpenter, judge, the material portion of which is as follows: "And the said defendant, Paul Just, having been duly sworn and examined in open court relative to his property applicable to the payment of. the plaintiff's said judgment, the court finds from such evidence that the said defendant, Paul Just, is possessed of property not exempt from execution sufficient to pay said judgment and the costs and expenses of this proceeding, which he unjustly and unreasonably refuses to pay or apply thereon, and that this is a proper case for the making of this order: Now, therefore, in consideration of the premises, and upon motion of J. J. Batterton, the plaintiff's attorney, it is ordered that the said defendant, Paul Just, shall, within five days from the date of the service of this order upon him, pay to J. J. Batterton, the plaintiff's attorney, the sum of $150 remaining due upon said judgment, and also the further sum of $10, the costs and expenses of this proceeding, and that the said J. J. Batterton shall thereupon execute and deliver to said Just a satisfaction and release of said judgment, and that in case said sums of money are not so paid as aforesaid, and said satisfaction and release of said judgment so filed, the clerk of this court shall forthwith issue his commitment to the sheriff of said county, commanding said sheriff to arrest said defendant and confine him in the common jail of said county until the conditions of this order are fully complied with. Dated February 22, A. D. 1913. By the Court: Clay Carpenter, Acting Judge. Attest: D. F. Stevens, Clerk." This order was duly entered and personally served upon the defendant. The defendant failed to comply with the order

within the time specified, and on March 12, 1913, the clerk of said court issued a commitment to the sheriff. The sheriff arrested the defendant, and the defendant was committed to the Roberts county jail. A few days later, an order was issued and served upon plaintiff's attorney, requiring plaintiff to show cause why the defendant should not be released from custody. Upon the hearing the trial court, acting through Hon. Frank McNulty, judge made an order discharging the defendant from custody, the material portion of which is as follows: "And said matter having been presented to the court for its determination, the court finds and decides: That, as a matter of law, Hon Clay Carpenter, acting judge of said court, had no power or authority to make said order of February 22, 1913, for the reason that such order violates the provision of the Constitution of the state of South Dakota, prohibiting the imprisonment of a party for debt, and that in consequence thereof said order so made by Hon. Clay Carpenter, acting judge of this court, was, and at all times has been, absolutely void; the court expressly refusing to consider said application upon the merits. In consideration of the premises and by reason of the findings of the court herein expressed, it is ordered, that said order of Hon. Clay Carpenter, dated February 22, 1913, ordering that said defendant, Paul Just, pay to J. J. Batterton, the plaintiff's attorney, the sum of $160, and in default thereof that he be imprisoned in the common jail of said county until the said order was complied with, be and the same is hereby in all things vacated and set aside and held for naught, and that the said defendant, Paul Just, be and he hereby is released and exonerated from all liability thereunder, and from the commitment issued upon said order of February 22, 1913. And to the making and entry of this order the plaintiff, by its attorney, at the time of the making of the same, duly excepted to the whole thereof, and which exception is hereby allowed and made a part of the record herein. Dated April 12, 1913. By the Court: Frank McNulty, Judge. Attest: D. F. Stevens, Clerk." From this order of April 12, 1913, plaintiff appealed to this court.

The commitment of the defendant to jail was unauthorized for two reasons: First. If as is claimed by appellant, the disobedience of the defendant to the order of February 22, 1913, was a contempt of court, such commitment was unauthorized because, not

being a contempt committed in the immediate presence of the court, the defendant was not cited to appear before the court in contempt proceedings and given a hearing and an opportunity to purge himself of the contempt. In re Blair, 4 Wis. 522; 9 Cyc. 39. Second. The order of February 22, 1913, was unauthorized in the form in which it was made. Section 403, C. C. P., is as follows: "The judge may order any property of the judgment debtor, not exempt from execution, in the hands either of himself or any other person, or due the judgment debtor, to be applied towards the satisfaction of the judgment; except that the earnings of the debtor for his personal services, at any time within sixty days next preceding the order, cannot be so applied when it is made to appear by the debtor's affidavit or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor." It will be noticed that in the order of February 22, 1913, the court did not order the property of the judgment debtor to be applied towards the satisfaction of the judgment. The order required the defendant to pay to plaintiff's attorney the sum of $160 in money. The court did not find that the defendant was possessed of any money. It simply found that the defendant was possessed of property not exempt from execution sufficient to pay said judgment and costs. Whether the court had authority to designate what particular property should be applied, or whether the order should simply have followed the language of the statute, a question which we do not decide, the court certainly had no authority to direct the payment of money without finding that the defendant had any.

The delegation of power to the clerk to issue a commitment as recited in said order was also entirely unauthorized and void. Section 409, C. C. P., provides that for disobedience to an order the party may be punished as for contempt. He may not be committed by an act of the clerk without a hearing before the court. Hoffman v. Hoffman, 26 S. D. 34, 127 N. W. 478, 30 L. R. A. (N. S.) 564, Ann. Cas. 1913A, 956.

It appears, therefore, that the order of February 22, 1913, was improvidently granted, and that the order appealed from was rightfully granted, and the same is hereby affirmed.