GOCKOWSKI, Respondent, v. GOCKOWSKI, Appellant.

(201 N. W. 554.)

(File No. 5265.   Opinion filed December 31, 1924.)

**Divorce—Contempt of Court—Findings—Appeal and Error—Findings of Fact Essential to Adjudication of Contempt of Court.**

Court's order adjudging defendant in contempt in failing to pay costs, attorney's fees, and alimony, and directing his imprisonment, made without any findings of fact to the effect

that he could pay as ordered, or that he was acting in defiance of court's order **held** unwarranted, where defendant filed affidavit that he was unable to pay.

Appeal from Circuit Court, Roberts County; Hon. B. A. Walton, Judge.

Action for divorce by Annie Gockowski against Bernard Gockowski. From an order finding defendant guilty of contempt of court in failing to comply with order to pay costs, attorney's fees, and alimony, he appeals. Reversed.

*Babcock & Babcock*, of Sisseton, for Appellant.

Appellant cited: Hoffman v. Hoffman, 127 N. W. 478; Krueger v. Krueger, 143 N. W. 368.

POLLEY, J. This is an action for divorce. The trial court made an order directing the defendant to pay to plaintiff certain sums of money as costs, attorney's fees, and alimony. Defendant failed to pay said sums, and the court, upon an affidavit showing that said order had not been complied with made an order directing defendant to show cause why he should not be punished for contempt of court. Upon the return of said order, defendant filed an affidavit showing that he was without any funds with which to pay the said sums of money, and that he could not pay the same. The court thereupon, and without making any findings of fact to the effect that the defendant could pay any of the sums so ordered to be paid, or that he was acting in defiance or contempt of the court's order, made and entered an order adjudging defendant in contempt of court and directing the sheriffs of Roberts and Day counties to arrest defendant and confine him in the county jail of Roberts county until the further order of the court in the premises. From this order, defendant appeals.

The facts above set out bring the case within the rule announced by this court in Hoffman v. Hoffman, 26 S. D. 34, 127 N. W. 478, 30 L. R. A. (N. S.) 564, Ann. Cas. 1913A, 956; and Krueger v. Krueger, 32 S. D. 470, 143 N. W. 368, and upon the authority of those cases the order appealed from is reversed.

DILLON, J., not sitting.

Note.—Reported in 201 N. W. 555. See, Headnote, American Key-Numbered Digest, Divorce, Key-No. 269(12), 19 C. J. Sec. 706.