NASH-FINCH COMPANY, Respondent v. RAICH, Appellant

(286 N. W. 326.)

(File No. 8162. Opinion filed June 9, 1939.)

*P. C. Hvistendahl* and *Morrison & Skaug,* all of Mobridge, for Appellant.

*G. T. Mickelson,* of Selby, for Respondent.

POLLEY, J. In an action pending in circuit court of Walworth County in which appellant was defendant, he was cited to appear for examination before trial. At the time and place fixed, appellant did appear with counsel. The referee appointed to take the testimony was not present, however, and after some waiting appellant returned to his home twenty-three miles away. After arriving at his home appellant received a telephone call from the referee asking him to return for the hearing, which appellant refused to do. The trial court issued an order to show cause, based upon affidavits, directing appellant to show cause why he should not be held in contempt of court "for his failure to attend and testify at the examination." Appellant filed affidavits in justification of his action in not waiting for the referee to appear. The real question presented to the trial court by the affidavit was whether the appellant acted wilfully or contumaciously in not waiting for the referee and refusing to return when called. Upon this issue the trial court made no finding whatsoever. The trial court simply found that appellant failed to appear and testify. This is not sufficient. Hoffman v. Hoffman, 26 S. D. 34, 127 N. W. 478; 30 L. R. A., N. S., 564, Ann. Cas. 1913A, 956; Krueger v. Krueger, 32 S. D. 470, 143 N. W. 368; Gockowski v. Gockowski, 47 S. D. 640, 201 N. W. 554; State ex rel. Burke v. Marso, 63 S. D. 38, 256 N. W. 257; Simmons v. Simmons, 66 S. D. 76, 278 N. W. 537.

In the Hoffman case it was said: "* * * in view of the unusual nature of contempt proceedings, and, further, in order to carefully guard the rights of our citizens, no court should render any judgment punishing one for contempt of such court without either by separate findings of fact or by incorporating findings in the judgment itself clearly and specifically find the facts upon which the judgment of the court is based."

The judgment and order appealed from are reversed.

All the Judges concur.