STRATTON, Appellant, v. STRATTON, Respondent

(293 N. W. 183.)

(File No. 8316. Opinion filed July 8, 1940.)
Rehearing Denied December 20, 1940.

George E. Longstaff, of Huron, and Chas. H. Whiting, of Rapid City, for Plaintiff-Appellant.

Max Royhl, of Huron, for Defendant-Respondent.

POLLEY, J. This is a contempt proceeding, brought by appellant for the purpose of compelling respondent to make certain payments of alimony allowed to her by a decree of divorce issued on the 15th day of May, 1928.

Prior to the commencement of the divorce suit appellant and respondent entered into a written agreement whereby they were to be absolutely divorced from each other; that appellant was to have the care and custody of their only child, Donna Stratton, a girl then six years of age. Appellant was also to have alimony from respondent in the sum of $100 per month to be paid to her at the rate of $50 on the 1st and 15th days of each month for a period of five years from and after the 15th day of March, 1928. Respondent was also to furnish and pay for all necessary clothing, medical attention and school supplies for the said child, Donna Stratton, until she reached the age of 18 years. Appellant was also to have all the household furniture belonging to said appellant and respondent. In consideration for such payments, respondent was to have the right to visit and communicate with the said child at all reasonable times and was to have the custody of the said child for a period of thirty days in each year, the time when respondent was to have such custody to be mutually agreed upon by the parties themselves and if such time could not be mutually agreed upon by themselves, then the same should be fixed upon by the court upon proper application therefor. The terms of this agreement were all incorporated into the decree of divorce.

At the time the divorce was granted and for some time

prior thereto, the respondent was practicing dentistry in the City of Huron, and maintained an office there where he carried on such business; and for some time after the granting of the said divorce, the said child made frequent visits to respondent's office where she visited and spent some time with him; but gradually these visits became less and less frequent and in a short time ceased entirely.

The respondent complied with the terms of the decree relative to making payments of money to appellant from the time of the making of said agreement on March 15, 1928 to the 1st of August, 1931; but during all this time appellant never permitted respondent to have the custody of the said child for the thirty day period of each year, or any other time, and in July of 1931, respondent made a showing to that effect to the court and asked the court to compel appellant to comply with the said provisions of the decree of divorce. Upon the filing of this application, appellant entered into a stipulation with respondent whereby she agreed to comply with the said provision of the decree of divorce and on the 21st day of July, 1931, the court entered an order requiring her to comply with the said provisions of such decree. This order required that the custody of the child be turned over to the respondent on the 2d day of August, 1931, for a period of thirty days. Prior to said date respondent made preparations to take said child on a pleasure and sight-seeing tour through the northern part of Minnesota but when he called for the child on said 2d day of August, appellant refused to let her go with respondent and said tour was never taken and respondent was never able to and never did have the custody or control of the said child at all; and from that time on appellant refused to permit respondent to visit with or communicate with said child.

When the alimony payment became due on the 15th day of August, 1931, respondent, instead of sending the $50 due on that day, directly to appellant, it was paid into court to be paid to appellant upon her compliance with the provisions of said decree of divorce relative to respondent's custody of the said child; but appellant refused to accept

the money under those terms or to let respondent have custody of the said child and eventually said money was returned to respondent, and was never after that paid to her. From that time on respondent made no further attempt to gain custody of the child and made no further payments of alimony to the appellant. Nothing further appears to have been done by the appellant or respondent, relative to alimony, until a short time prior to the 21st day of April, 1939, when appellant instituted this proceeding to punish respondent as for contempt in failing to comply with the terms of the decree of divorce.

This application was submitted to the court on affidavits and after hearing the same the court made findings of fact, conclusions of law, and entered an order on such findings and conclusions. The court found, among other things, that the respondent had complied with the provisions of the decree of divorce requiring him to pay alimony to the appellant and to make the payments for the benefit of the child, Donna, as the occasion and necessity for the same arose and that he never at any time failed or refused to comply when called upon to do so. The court further found that during all the time since the entry of the decree of divorce, appellant had retained the sole custody of the said child and refused to permit the respondent the right to visit or communicate with said child at any time; that the appellant wilfully and intentionally deprived the respondent of the companionship and affection of his said daughter until she had reached an age when she no longer cared for the companionship of respondent; that appellant had been guilty of laches and by her acts is estopped to assert any rights under and by virtue of the said decree of divorce except in the manner found as to the payment to the said child of the sum of $200, and that the respondent was not in contempt of court for failing to carry out the provisions of the said decree. From which findings the court concluded that the appellant had wilfully and intentionally failed to comply with the decree of court with respect to the rights of respondent in and to the custody of his minor child.

Judgment of the court was for the respondent and from such judgment the appellant, Beryl K. Stratton, has taken an appeal to this court.

No useful purpose would be served by a review of the evidence in this case, but from an examination thereof we are satisfied that such findings and judgment are fully supported and authorized by the evidence.

It is the contention of the appellant that the provision in the decree of divorce requiring respondent to pay alimony being unconditional in its terms, appellant is entitled to such payments notwithstanding the fact that she has never performed any of the obligations imposed upon her by said decree. In other words, having openly defied the court for more than ten years, and until the passage of time has rendered the performance of the obligations imposed upon her, to-wit: to permit the respondent to enjoy the society of his little girl for occasional brief intervals—impossible, she now insists that respondent be compelled to perform the obligations imposed upon him, and that he be imprisoned until such obligations are performed. Appellant's conception of the duty and function of a court of equity is entirely wrong. A court of equity delights in doing equity, but nothing could be more inequitable than what appellant is asking the court to do in this case. The agreement of the parties was that respondent was to pay appellant certain sums of money as alimony and in consideration therefor appellant was to permit respondent to occasionally enjoy the society of his little child. This she steadfastly refused to do and for no reason in the world except pure malice.

Appellant is not in court with clean hands and the court will leave her where it finds her. The Supreme Court of Minnesota recently reached the same result in a similar case. Anderson v. Anderson, Minn., 291 N. W. 508.

The judgment and order appealed from are affirmed.

SMITH, P.J., and ROBERTS and WARREN, JJ., concur.

RUDOLPH, J., not sitting.