DUKE et al., Appellants v. BRUCE INDEPENDENT SCHOOL DISTRICT et al., Respondents

(96 N.W.2d 172)

(File No. 9756. Opinion filed April 18, 1959)

**Gunderson & Gunderson,** Clear Lake, **T. R. Johnson,** Sioux Falls, for Plaintiffs and Appellants.

**Lund & McCann,** Brookings, for Defendants and Respondents.

HANSON, P. J.    Plaintiffs seek an injunction prohibiting the Bruce Independent School District and its officers from issuing bonds and awarding contracts for the construction of a school building. On the filing of the complaint a temporary restraining order was granted pending hearing on the order to show cause why an interlocutory injunction should not be issued. The hearing was held August 22, 1958. Thereafter, the trial court entered its order dissolving the temporary restraining order and denying plaintiffs' application for an interlocutory injunction. Plaintiffs appeal.

The Town of Bruce is located within the boundaries of the Bruce Independent School District. Plaintiffs are voters and taxpayers residing in the rural area of such district. A school election was held on June 17, 1958, wherein the following proposition was submitted to the electors: "Shall the School Board * * * be authorized to issue bonds in the amount of not to exceed $40,000 * * * for construction of a school building which will include, among other things, an auditorium and class rooms?" The electors favored the issuance of bonds by a vote of 142 to 39.   On July 14, 1958,

prior to the commencement of this action, the School Board issued and sold its bonds in the amount of $40,000 to the Bank of Bruce.

After the sale of bonds the School Board published a "Notice to Bidders" which stated in part that "Sealed proposals for the construction of the auditorium building * * * will be received * * * based on the plans and specifications * * *." This action followed.

Plaintiffs contend they are entitled to injunctional relief because:

(1) The Town of Bruce unlawfully and without proper authority intends to appropriate the sum of $8,000 toward the cost of the school building;

(2) The Town of Bruce is unlawfully participating with the School Board in the construction of the building; and

(3) There is a fatal variance regarding the description of the construction project in the Notice of School Bond Election and the Notice to Bidders.

Plaintiffs rely on the allegations of their complaint and supporting affidavit for relief. The complaint is referred to and made a part of the affidavit. Otherwise the affidavit restates, in substantially the same language, the allegations of the complaint. It is alleged therein, on information and belief, that the minimum cost of the proposed school building will be $55,000; that in addition to the $40,000 derived from the sale of bonds the School Board has on hand $2,000 for use toward the cost of construction, which sum is wholly inadequate; that it is proposed to secure a portion of the funds by voluntary subscriptions, and it is additionally proposed the Town of Bruce will participate in the construction of the building by utilizing certain funds now on hand, including money received from fire insurance after the Bruce community hall burned down, said contribution totaling $8,000; that as far as known there has been no official action taken by the Town Board of Bruce to make such money available.

Defendants' answering affidavit does not specifically deny the allegations in plaintiffs' affidavit. Wherefore,

plaintiffs assume their affidavit allegations are established facts according to SDC 33.0906 which provides:

> "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

However, affidavits are not pleadings. SDC 33.0901 designates the only pleadings within the contemplation of the above statute to be as follows: "There shall be a complaint and an answer; there shall be a reply, if the answer contains a counterclaim denominated as such; and there shall be an answer to a cross-claim, if the answer contains a cross-claim. No other pleading shall be allowed, except that the Court may order a reply to an answer." Defendants' answer contains a general denial. A repetitious denial of the same allegations in the answering affidavit would be superfluous.

■ Defendants admit the Town of Bruce has agreed to contribute the sum of $8,000 toward the construction of the proposed school building. They allege, however, that "said $8,000 is to be an out and out grant without any obligation to repay the same on the part of said School District or on the part of the plaintiffs." The Town of Bruce is not a party to this action. The plaintiffs are not residents, electors, or taxpayers of that municipality. Under the circumstances we fail to see how any contribution of funds from the Town of Bruce, regardless of their source, could possibly cause plaintiffs irreparable injury or harm.

■ SDC Supp. 65.0714 authorizes counties, cities, towns, and school districts having overlapping territory to agree to purchase, construct, operate and maintain public buildings for their common use. Subsequent sections of the code outline the procedure which must be followed by each participating political subdivision in such a common venture. Those provisions of our code have no application to the facts here. A donation of money by the Town of Bruce to

the School District does not make the town a "participating political subdivision" in the construction, operation, or maintenance of the proposed school building. We concur in the observation made by the trial court in its memorandum opinion respecting this matter that there is "no allegation, either in the complaint or in the affidavits, showing that the proposed building is to be constructed by the two political subdivisions for the 'common use' or that the same is to be used for other than school purposes and activities, under the exclusive control of the school district, and the answer and affidavits submitted on behalf of the defendants indicate that no such 'common use' is contemplated or intended. In the absence of an agreement for such 'common use', it is my opinion that the sections above referred to are inapplicable."

■ Although the Notice to Bidders omitted the word "classrooms" from the description of the proposed school building such variation is inconsequential. The Notice to Bidders referred to the plans and specifications which would clearly show any interested person the school building included an auditorium and classrooms. No bidder or other person could be harmed or misled by this minor inconsistency.

■ An injunction is not a remedy which issues as a matter of course. Its grant or refusal rests in the sound discretion of the court under the facts of each particular case. Parsons v. City of Sioux Falls, 65 S.D. 145, 272 N.W. 288. It must satisfactorily appear to the court that sufficient grounds exist therefor before an interlocutory injunction may be granted, SDC 37.4305, and the "right to an injunction must * * * be established with reasonable certainty." Hofer v. Bridgewater Independent School Dist., 76 S.D. 483, 81 N.W. 2d 300, 303. In accord with these settled principles plaintiffs have not established their right to an interlocutory injunction.

The order appealed from is affirmed.

ROBERTS, SMITH and RENTTO, JJ., concur.