Velma A. OTTEN, Plaintiff
and Respondent,

v.

Vernon R. OTTEN, Defendant
and Appellant.

No. 11700.

Supreme Court of South Dakota.

Sept. 22, 1976.

Thomas M. Maher, Pierre, for plaintiff and respondent.

Steven L. Jorgensen, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Plaintiff was granted a divorce from defendant on February 26, 1970. The decree of divorce awarded plaintiff custody of the three minor children of the parties and ordered defendant to pay child support in the amount of $35 per week. No visitation privileges were granted to defendant, who did not appear in the action.

On March 25, 1975, plaintiff filed an affidavit in support of an order to show cause in which she stated that despite her repeated and urgent requests for payment of child support, defendant had made payments in the amount of only $290 since the decree of divorce was entered. Plaintiff asked that defendant be ordered to pay the accrued child support payments in the amount of $8,880 and that this amount, together with interest thereon and attorney's fees, be made a lien upon defendant's property.

Defendant's answering affidavit stated that he had tendered child support payments in the winter of 1970 but had been advised by plaintiff that she did not want support from defendant because she did not want defendant to visit the children. The affidavit further stated that defendant had made payments totaling $280 in November and December of 1974; that defendant was willing to make the support payments ordered by the court; and that defendant desired the court to allow him reasonable visitation privileges.

No reply affidavit was filed by plaintiff and the matter was presented to the court on the basis of the affidavits outlined above. Following statements by counsel, the trial court ruled from the bench that because defendant had not alleged inability to make the payments and had refused to make them only because plaintiff had denied him visitation privileges, a course of conduct on defendant's part that the court characterized as a form of blackmail, the amount shown to be in arrears, together with attorney's fees, would be entered as a judgment against defendant.

The trial court later signed an instrument prepared by plaintiff's counsel denominated "Order and Judgment," which recited, inter alia, that the court found as a fact that defendant was in arrears for child support payments in the amount of $8,880, plus interest. The order decreed that plaintiff recover of defendant the sum of $10,778.70 for accrued child support, interest, and attorney's fees. The order further stated that, " * * * the above named Defendant, Vernon R. Otten is hereby found to be in contempt of this Court," ordered defendant to pay child support in the amount of $140 per month, payable to the clerk of courts of Hughes County, South Dakota, and authorized and directed the clerk of courts to forthwith issue a bench warrant

**508**

for the arrest and incarceration of defendant in the event of his failure to make said monthly payments.

Defendant contends that the trial court erred in entering judgment against him without first making findings of fact and conclusions of law. With respect to that portion of the judgment that purports to hold defendant in contempt for failing to make support payments, we conclude that defendant is correct in this contention. Findings of fact are necessary before a judgment of contempt may be entered against a defendant. *Fienup v. Rentto,* 74 S.D. 329, 52 N.W.2d 486; *Nash-Finch Company v. Raich,* 66 S.D. 521, 286 N.W. 326; *Simmons v. Simmons,* 66 S.D. 76, 278 N.W. 537; *State ex rel. Burke v. Marso,* 63 S.D. 38, 256 N.W. 257; *Gockowski v. Gockowski,* 47 S.D. 640, 201 N.W. 554; *Krueger v. Krueger,* 32 S.D. 470, 143 N.W. 368; *Hoffman v. Hoffman,* 26 S.D. 34, 127 N.W. 478. These findings may be incorporated in the judgment, *Hoffman v. Hoffman,* supra, but the bald statement in the instant judgment that defendant " * * * is hereby found to be in contempt of this Court," is in the nature of a conclusion rather than a finding based upon evidentiary facts and does not satisfy the requirement that the court must make findings of fact that show, as a matter of law, a basis for the judgment. *Fienup v. Rentto,* supra. True, defendant did not deny his ability to make the payments, and the trial court no doubt could have made a finding that notwithstanding plaintiff's refusal to grant defendant extrajudicial visitation privileges, defendant's refusal to make the payments was willful and contemptuous. The court made no such specific finding, however, and therefore the adjudication of contempt must be reversed.

What we have said above with respect to the purported adjudication of contempt for defendant's past failure to comply with the support provisions of the divorce decree applies with equal or greater force to that portion of the judgment that authorizes and directs the clerk of courts to issue a bench warrant for defendant's arrest in the event of defendant's failure to make support payments in the future. An adjudication that defendant be incarcerated for his failure to make support payments can be made only after a finding that defendant had money with which to make the payments. *Harrod v. Alexander,* 68 S.D. 78, 298 N.W. 676; *Aberdeen Clothing Co. v. Just,* 32 S.D. 560, 143 N.W. 900; *Hoffman v. Hoffman,* supra.

Defendant also complains that the trial court made no findings in accordance with SDCL 15–6–52(a) regarding the accrued child support payments.* There was no real dispute, however, over the amount of the accrued payments. Defendant's affidavit did not challenge plaintiff's allegation that the amounts unpaid totaled some $8,880. Thus no finding was necessary on this issue. *Anderson v. Alseth,* 8 S.D. 240, 66 N.W. 320. Likewise, no finding was necessary on defendant's contention that plaintiff's claim was barred by laches and estoppel. The decree of divorce gave defendant no visitation rights. As the trial court observed, defendant could have sought to have the divorce decree modified to provide for such rights, SDCL 25–4–45, and he was not justified in withholding child support payments as an extrajudicial method of obtaining visitation privileges.

---

* Defendant contends that because plaintiff did not file a reply affidavit refuting defendant's affidavit to the effect that plaintiff had refused defendant's tender of payments, defendant's affidavit stood unchallenged. We conclude that it was not necessary for plaintiff to file a reply affidavit, however, in view of the fact that the affidavit in support of her application for an order to show cause alleged that she had made repeated requests upon defendant for payment. Defendant's affidavit controverted this allegation. Under South Dakota practice the affidavit upon which an order to show cause is issued in a contempt action is treated as the complaint and the affidavit of the defendant as the answer, *Simmons v. Simmons,* supra, this in contrast to the usual rule that affidavits are not pleadings. *Duke v. Bruce Ind. Sch. Dist.,* 77 S.D. 568, 96 N.W.2d 172. Defendant's affidavit being in the nature of an answer, no reply to it was necessary under our rules governing pleadings. SDCL 15–6–7(a). *Duke v. Bruce Ind. Sch. Dist.,* supra.

Unlike the situation that existed in *Stratton v. Stratton,* 67 S.D. 354, 293 N.W. 183, no element of laches or estoppel is present in the instant case. There was no refusal by plaintiff to comply with any order of the court. In any event, because defendant stated in his affidavit that he was willing to pay the support ordered by the court, there was no issue of fact to be decided and thus no finding of fact in the usual sense of the term was required to be entered. *Anderson v. Alseth,* supra.

That portion of the order and judgment that awards plaintiff a judgment against defendant in the amount of $10,778.70 and which reaffirms defendant's obligation to make child support payments is affirmed. That portion of the judgment that purports to adjudge defendant to be in contempt and which grants to the clerk of courts of Hughes County authority to issue a bench warrant for defendant's arrest in the event of nonpayment of future support obligations is reversed.

DUNN, C. J., WINANS and COLER, JJ., and FOSHEIM, Circuit Judge, concur.

FOSHEIM, Circuit Judge, sitting as a member of the Court.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.