CHARLES PITSTICK v. W. H. OSTERMAN, Appellant.

**Pleadings and Instructions.** Plaintiff sued on a contract for work and labor  Defendant admitted the contract, but claimed that a subsequent one had been entered into as a substitute. Plaintiff, in reply, admitted that a new contract had been talked of, and denied that it had been completed, but made no allegation that the new contract was conditional on the performance of a condition by the defendant  *Held*, that a charge that plaintiff could recover if the new contract was conditioned on the performance of an act by defendant which he had refused to perform, is erroneous  as a departure from the issues

*Appeal from Emmet District Court.*—HON. W. B. QUARTON, Judge.

THURSDAY, JANUARY 19, 1899.

ACTION at law to recover on a contract for work and labor. Verdict and judgment for plaintiff, and the defendant appealed.—*Reversed.*

*J. G. Myerly* for appellant.

*Sweet & Dow* for appellee.

GRANGER, J.—I.  Plaintiff claims that on July 6, 1895, he entered into an oral agreement with the defendant, whereby the plaintiff, with his team, was to work for the defendant on a drilling machine, at the rate of two dollars per day, with a reasonable raise in wages in case the defendant had sufficient work to do; that under said contract plaintiff worked for defendant from July 10, 1895, to October 9, 1895, and that there is due him one hundred and thirty-six

dollars. Defendant admitted the making of the contract; that plaintiff worked for him thereunder seven days; that then a new contract was entered into, whereby plaintiff was to furnish a team and his own services for the defendant in the business of drilling wells, and was to receive as full compensation therefor ten cents per foot for all wells that proved to be satisfactory; that plaintiff, under said contract, furnished a team and his own services in said work, and has been fully paid. In another count defendant claimed to have overpaid the plaintiff in the sum of eight dollars and forty cents. In an amendment defendant pleaded that plaintiff had agreed to take, in part payment for services rendered under this last contract, a feed grinder and corn sheller of one Dobbie, and was to allow defendant seventy-five dollars for the same, and defendant was to take plaintiff's watch, and allow him twenty dollars therefor; that by virtue of said agreement the sheller and grinder were delivered to plaintiff, and accepted by him; and that as to work thereafter done it was paid for, and that plaintiff refused to carry out the terms of said contract. Plaintiff, in reply, admitted that there had been talk of a new contract, but averred that no contract had been completed, and that defendant was to take the watch and allow him twenty dollars for it, if he (plaintiff) took the sheller and grinder. He denied all other statements in the answer.

II. A specific complaint is made as to the seventh instruction, but to a proper understanding of it, a part, at least, of the sixth instruction is important. In the sixth instruction the jury is correctly told that plaintiff can recover only on the contract first made, for that is the one on which the action was brought. This means that, if a new contract was made, so as to take its place, the old one was at an end, and no recovery could be had thereon. The following is a part of the sixth instruction: "It is the claim of the defendant that the plaintiff has abandoned the old contract for two dollars per day, and entered into the performance of the new contract, and has failed to comply with the terms of the said

contract, and is not, therefore, entitled to recover; while it is the contention of the plaintiff that he was to work for the defendant under the old contract until the new contract was fully performed on the part of the defendant by taking plaintiff's watch at the agreed price. And it is also contended by the defendant that he offered to perform his part of the contract by taking the plaintiff's watch, which fact is denied by the plaintiff." The seventh instruction is as follows: "It being admitted by defendant that the contract sued upon was made between the parties, the burden of proof establishing the new contract, which was to take the place of the first one made, and a performance of the conditions of the new contract on the part of the defendant, rests upon the defendant. Now, if you believe from the evidence that a new contract was made to take the place of the first one entered into between the parties, and that the defendant has performed the said contract on his part, or offered to perform the new contract on his part, then you are told that the plaintiff is not entitled to recover in this action. But if, on the other hand, you should find that the said new contract was conditioned upon the defendant's taking the plaintiff's watch at twenty dollars, and you further find that the defendant refused to do so, then you are told that plaintiff would be entitled to recover from the defendant under the terms and conditions of the first contract made between them." The complaint is as to the last part of the instruction, wherein a recovery is permitted in case the new contract was conditioned on a performance by defendant in taking plaintiff's watch. The issues were made, as to the contract, by the answer and reply; the first contract being admitted by the answer, and the new one pleaded as a substitute for it. On the question of a right of recovery the pleadings present the single issue whether or not a new contract was made, it being expressly stated in the reply that there was talk of one, but that it was never completed. The reply in no way presents a claim that there was a new contract, and that a condition of it was that the old contract was to continue

until the new one was performed by defendant by taking plaintiff's watch at an agreed price. The issues in no way present a question whether or not the new contract was performed. The issue was, simply, did the parties make a new contract as alleged? If they did, there could be no recovery on the old one. If they did not, there could be, unless prevented on other grounds pleaded. The instructions present a question of there being a new contract, and a breach of it, in which case there could be a recovery on the old one. The seventh instruction follows the statements in the sixth as to what the contentions were, and permitted a recovery on an issue not involved.

III. The following is the eighth instruction: "If you find from the evidence that the plaintiff stood ready and willing at all times to perform the new contract on his part, but that the defendant refused to perform on his part within a reasonable time after the making of the said contract, then you are told that the plaintiff had a right to treat the new contract as abandoned by the defendant, and would, in this action, be entitled to recover upon the original contract made between the parties." For the reason stated in the first division of the opinion, this instruction is erroneous. There is no issue in the case to which it can apply. If there was an abandonment of the new contract, it was proper matter to be set up in a reply by way of avoidance of matter pleaded in the answer. Code, section 3576. This instruction is a very clear illustration of the departure from the issue made by the pleading in permitting the new contract, if shown, to be avoided by proof of facts not in issue. The judgment must be REVERSED.