[Civ. No. 16407. Second Dist., Div. Two. Aug. 6, 1948.]

GERALD ENGLE FAIRCHILD, Respondent, v. LUELLA ELMIRA FAIRCHILD, Defendant; LUELLA ELMIRA CLARK, Appellant.

Roland Maxwell and Paul H. Marston for Appellant.

John Ruskin Lane and Elber H. Tilson for Respondent.

MOORE, P. J.—The two appeals herein are effectually from the same order: one from the minute entry of the court's decision; the other from the documentary order modifying the interlocutory judgment of divorce which had been previously entered. Pursuant to a stipulation made then in open court the movable properties and money of the parties were apportioned by the decree. That document provided: "It is further ordered . . . that the following described real property . . . shall hereby be held in joint tenancy by the parties hereto *subject to partition by further order of the court herein; the of the parties hereto . . . to occupy said home until cross-complainant shall desire to and shall find it convenient to vacate the same at which time the said property shall be sold at a price agreed upon by the parties hereto or in the event no such agreement proves possible, the said property shall be subject to partition by further order of the court herein; the proceeds of the sale to*" be equally shared by the parties.

Upon respondent's application the court modified the interlocutory decree by striking from the above quoted passage the italicized words. The sole question presented on this appeal is whether the order of modification affects the property rights of the parties as at first adjudicated.

While it is conceded that the home was community property, it is earnestly contended that the unmodified interlocutory decree fixed the property rights of the parties, and that since the court did not reserve jurisdiction to alter its decision with respect to such realty it was without jurisdiction to make the order of modification. But such contention flies in the face of the very words of the unmodified decree: "in the event no such agreement proves possible, said property shall be subject to partition by further order of the court herein." Such express reservation by the court conferred upon it continuing jurisdiction over the ultimate disposition of the home. (*Hogarty* v. *Hogarty*, 188 Cal. 625, 628 [206 P. 79].)

The deletion of the italicized passage changed the rights of the parties only if it altered some substantive **right**

awarded by the decision. But after striking the italicized portion the decree reads thus: ''The real property . . . shall hereby be held in joint tenancy by the parties thereto.'' Thus the respective estates of the parties in the former community property remain unchanged by the modification, and the elimination of appellant's continued right to occupy the premises makes way for the eventual sale of the property and disposition of the proceeds as contemplated by the court. This is in accordance with the intent of the parties as well as of the court at the time of the trial as indicated by the very words of the decree before the alteration. Nor is the modification of derogation of the arrangement with respect to the payment of the encumbrances, taxes and insurance. Prior to striking the italicized portion the judgment provided that such expenses should be shared equally by the parties, and under the decree as altered the parties continue to hold as joint tenants and therefore are to share equally all expenses.

 Appellant's final contention is that the modification divests her of her property right to occupy the home. Following the entry of the final judgment both parties remarried. Appellant continued to reside in the joint tenancy home with her minor daughter and new husband. The argument that the change in the decree divests her of the right of permanent occupancy is founded upon a gratuitous assumption. In effect it is to maintain that regardless of any subsequent change of condition appellant might forever enjoy the domicile to the exclusion of respondent. But the court clearly contemplated a sale thereof and a disposition of the proceeds. The right of occupancy was a mere temporary privilege granted for the ''convenience'' of appellant and her daughter until she ''shall desire to and shall find it convenient to vacate the same at which time the said property shall be sold.'' Similar provisions are common to divorce decrees, and in view of the known housing shortage in 1946, the instant proviso was eminently fair. But such a provision cannot be tortured into a vested property right which would defeat the entire purpose of the agreement of the parties and the judgment of the court. Indeed, it may be said that if the instrument is ambiguous a fair construction thereof compels the conclusion reached by the trial judge in ordering the modification: ''I construe this decree in the light of the circumstances that are shown by it, that the possession of the property was by way of alimony, support, and therefore the court has continuing jurisdiction over it.'' Such a construc-

tion is natural and reasonable in view of the pleadings, minute orders and all matters contained in the record. The virtual effect of the judgment was to award additional support for appellant and her child. The jurisdiction of the trial court to modify such an award continues even without a reservation of the power to modify. (Civ. Code, § 139; *Hough* v. *Hough*, 26 Cal.2d 605, 612 [160 P.2d 15]; *Wylie* v. *Wylie*, 26 Cal.App.2d 167, 170 [79 P.2d 152].) Any other construction of the instant decree would permit appellant and her new husband to continue permanently to reside rent-free in premises jointly owned by her and respondent, contrary to equity and fair dealing.

The cases cited by appellant are not in point. In *Schell* v. *Schell*, 74 Cal.App.2d 785 [169 P.2d 654], no divorce was granted, but since it had been ordered that the wife be permitted to live in the premises "rent free" it was held on appeal that the husband could not maintain an action for an accounting of the rents and profits therefrom. *Baxter* v. *Baxter*, 3 Cal.App.2d 676 [40 P.2d 536], holds that property rights once determined may not be changed. But to grant the mere right of occupancy of a home jointly owned in lieu of payments of alimony is a far cry from so awarding property as to vest its title in the party benefitted. In the instant case the court specifically reserved power to alter its award.

The orders are affirmed.

McComb, J., and Wilson, J., concurred.