ANNETTA M. HOLMES, APPELLANT, v. JOHN E. HOLMES, APPELLEE.

41 N. W. 2d 919

Filed March 23, 1950.     No. 32724.

*Thomas J. Sheehan, Jr.,* for appellant.

*Fitzgerald, Tesar & Welch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a divorce action tried in the district court for Douglas County. From a decree in her favor Annetta M. Holmes, plaintiff below and appellant here, appeals. John E. Holmes, defendant below and appellee here, cross-appeals.

Appellant's appeal relates itself to that part of the decree which fixes the amount of alimony awarded her and the form of the payment thereof; the amount of the allowance for the support of the four minor children, custody of whom was awarded to her; and the amount of attorney fees allowed her attorney and the form of the payment thereof. Appellee's cross-appeal

relates to the amount which the court fixed as alimony and the requirement that he pay the taxes, insurance, and upkeep of the home, the use of which was awarded appellant for the benefit of the children.

Since the action is in its nature equitable, and therefore considered here de novo, we shall consider both parties' contentions as they relate to these issues by a general disposition thereof.

The record discloses that these parties were married on June 16, 1934. Four children were born to this marriage. They are, with their respective ages as of the time of the trial, as follows: Jo Anne, a daughter, 14 years; John Ernest, a son, 12 years; Gerald Alvin, a son, 10 years; and Jeanne Alice, a daughter, 2 years. The custody of these children was awarded appellant. At the time of the trial appellant was 36 years of age and appellee 37.

Appellee is a son of Ernie and Rose P. Holmes of Omaha. He is one of three children. From the property of his parents, subsequent to their death, appellee received the residence property herein involved described as the south 40 feet of Lots 19 and 20, Block 12, Poppleton Park Addition to Omaha, and located at 502 North 43d Street, together with the furniture and furnishings therein, and the sum of $15,812.99. These parties moved into this home shortly after appellee's mother died in January 1940 and have resided therein since that time.

In January 1947 appellee entered into a partnership with Clifford R. Galley to conduct a steak house and bar. This business they were still operating at the time of the trial. It is referred to as the "Jack Holmes Steak House and Tavern" and located at 5002 Center Street in Omaha. Appellee has a two-thirds interest in the ownership thereof.

The decree, with reference to alimony, provides as follows: "Plaintiff be and hereby is awarded the sum of Fifty ($50.00) Dollars per month as permanent ali-

mony, \* \* \* until the sum of Five Thousand ($5,000.00) Dollars is paid by the defendant to the plaintiff as permanent alimony, PROVIDED, HOWEVER, that in the event the plaintiff should remarry before the full sum of $5,000.00 is paid, any future installment payments due on such permanent alimony shall cease and any remaining balance due and owing on the date of the remarriage of the plaintiff shall be cancelled and defendant relieved from making any further installment payments upon the said alimony judgment and the said judgment for said alimony shall be fully satisfied as to said future installment payments due after her said remarriage upon the amount originally awarded to the plaintiff herein."

Appellant contends the sum of $5,000 awarded to her as alimony is too low, whereas appellee contends it is too high. Appellant also objects to the provision relating to the cancellation and satisfaction of any remaining balance in case of remarriage.

Section 42-318, R. S. Supp., 1949, provides in part as follows: "Upon every divorce- from the bonds of matrimony for any cause excepting that of adultery committed by the wife, and also upon every divorce from bed and board, from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of her-self and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case."

With reference thereto, insofar as here applicable, we said in Swolec v. Swolec, 122 Neb. 837, 241 N. W. 771: "Permanent alimony is founded upon the right of the wife to such support from her husband as she would be reasonably entitled to expect, considering all of the cir-

cumstances of the parties, and this obligation continues after their legal separation. Permanent alimony was unknown at common law, and in this state is based upon section 42-318, Comp. St. 1929 (now section 42-318, R. S. Supp., 1949), which declares that the court may award 'such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case.' It will be seen at once that, under such a liberal statute, the fixing of the amount of the alimony rests alone upon the sound discretion of the court. The first factor that should be taken into consideration is the financial circumstances of the parties, and all of the property owned by the parties should be considered and its value ascertained as of the time of the decree. Next, the income and productiveness of the property should be considered, together with the earning capacity and future prospects of the parties; the manner in which such property was acquired, whether through joint savings or by inheritance, and the contributions made by each, together with the value of the services rendered by each of the parties during their marriage. If evidence relating to the respective ages of the parties, the duration of and conduct during the marriage, their station in life, respective wants, circumstances and necessities, has been given, it should be considered, together with the health and physical condition of the parties, especially if the wife's health has been affected by the habits or conduct of the husband, * * *."

As held in Martin v. Martin, 145 Neb. 655, 17 N. W. 2d 625: "In determining the question of alimony or division of property as between the parties, the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage, their earning ability, the duration of, and the conduct of each during, the marriage, their station in life, the circumstances and necessities of each, as well as their health and physical condition, and whether the property was

accumulated before or after the marriage, and from all of such elements the court, in allowing or refusing to allow permanent alimony, will determine the rights of the respective parties and all other matters pertaining to the case."

The record discloses that at the time of the trial these parties had been married about 15 years. They are still comparatively young people and apparently in good health, although appellant has been somewhat affected by this trouble. They had very little property at the time of their marriage. Appellee afterwards, as has already been set forth, received substantial property from his parents. At the time of the trial the property owned consisted of the home, the furniture and furnishings therein, a two-thirds interest in the Jack Holmes Steak House and Tavern, and a 1948 Buick car. The evidence shows these properties were reasonably worth the following amounts: The home $9,500; the furniture and furnishings in the home $600; the two-thirds interest in the partnership, considering the obligations then owing, $10,366; and the car $1,900. The record shows these parties owed $2,200 personal obligations. This amount includes the sum of $750 owing on the car.

The appellee devotes his full time in helping to operate the partnership business. In 1947 both he and his partner withdrew therefrom the sum of $2,175 as salary. This resulted in the business showing an operating loss of $1,076.12 for that year. In 1948 each partner withdrew $4,160 as salary. In addition thereto the business showed an operating profit for that year of $4,234.48. This was left in the business and became part of the assets thereof. During the first five months of 1949 each partner withdrew $85 a week as salary. The business during this five-month period, although slightly down considering the same period in 1948, seems to have been fairly good. Just what profits, if any, it made during this period is not shown.

The home, although having a reasonable rental value

of $90 a month, will not produce any income for appellee for many years as its use has been awarded appellant for the purpose of making a home for the four children. This will be more fully discussed in connection with the award made with reference to their support.

The evidence fully sustains the divorce granted to appellant. To set out the nature of appellee's conduct, which caused the marriage to fail, would serve no useful purpose. This is particularly true in view of the fact there are four minor children involved in this proceeding. Suffice to say that in considering the question here involved we shall take into consideration the facts relating thereto.

Without further detailing what the record discloses, but taking into consideration all of the facts disclosed by the evidence that relate thereto, we find the amount fixed is neither too small nor excessive but, in our opinion, fair and reasonable. Likewise we think it should be paid in installments and that the provision therefor that it be paid at the rate of $50 a month is proper.

With reference to appellant's objection to the provision relating to cancellation and satisfaction of any balance remaining unpaid in case of remarriage, we find it well taken.

As stated in Dunlap v. Dunlap, 145 Neb. 735, 18 N. W. 2d 51: "We recognize that under our statutes the legislature has enabled the court to retain control over the financial situations of the parties, where it is necessary or advisable to do so. However, we do not think the purpose of divorce proceedings are designed or intended to prevent domestic misadventure from ever becoming a closed book financially as between the parties. There are cases, and we have so held, where the situation of the parties and the contingencies are such that the amount of alimony cannot be placed in a lump sum without danger that such allowance may prove unjust or inequitable to one or the other of the parties and it is therefore proper for the court to provide for the payment of a

stated sum at fixed periods over an indefinite period. However, 'Generally, we do not approve of allowing alimony in the form of an annuity, or requiring the husband to pay a fixed sum each month during the life of the other party, or for an indefinite period of time.' Martin v. Martin, decided February 16, 1945, *ante* p. 655, 17 N. W. 2d 625. See McGechie v. McGechie, 43 Neb. 523, 61 N. W. 692." See, Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238; Swanson v. Swanson, 137 Neb. 699, 290 N. W. 908.

Having determined that the amount of alimony allowed is reasonable there is no reason why it should be made indefinite by a provision canceling or satisfying all unpaid balances in case of remarriage. The trial court's decree should be modified to remove this provision and, by so doing, make the amount allowed definite and certain.

With reference to the support allowed for the four minor children, custody of whom was awarded appellant, the decree provides as follows:

"Defendant shall pay to plaintiff the sum of One Hundred ($100.00) Dollars per month for the support and maintenance of said children, * * *. In this connection the sum of $25.00 per month is awarded for each of the four children herein, and upon any of said children becoming self-supporting, emancipated or deceased, that said payment be reduced accordingly for such child becoming self-supporting, emancipated or deceased.

"Plaintiff is awarded and granted the use of the home located at 502 North 43rd Street, Omaha, Nebraska, legally described as the South 40 feet of Lots 19 and 20, Block 12, in Poppleton Park, an Addition to the City of Omaha, Douglas County, Nebraska, for the benefit of said children, but that defendant shall pay all taxes levied and assessed against said property, both delinquent and as they accrue, and defendant shall pay for all necessary and reasonable repairs of said home. In this connection, it is further ordered that in the

event plaintiff should remarry, said home shall be vacated immediately and possession thereof delivered to defendant."

Appellant contends the cash allowances for the support of these children are inadequate whereas appellee contends that the requirement that he pay the taxes, insurance, and upkeep of the house is excessive. It appears the house needs considerable repairs and there are considerable back taxes thereon. The latter were included in the $2,200 debts which we have previously referred to as owing by these parties at the time of trial.

The facts disclosing the ability of appellee to pay have already been set forth. The amount awarded for the children's support is, under all the circumstances, fair and reasonable. It would unduly burden appellee to require him to pay more. As to the provision requiring appellee to pay the taxes and necessary and reasonable repairs on the home, we find it to be proper. Appellant is without means other than as herein provided for her and the children. The children, because of their age, will require most of her time. Appellee has ability to earn and can and should meet these obligations.

There is, however, one change that should be made in this regard. The use of the home is properly awarded appellant "for the benefit of said children," but the decree provides that "in the event plaintiff should remarry, said home shall be vacated immediately and possession thereof delivered to defendant." Since the use is for the benefit of the children this provision should be changed to provide that appellant's use thereof shall not terminate until all of the children have either become self-supporting or emancipated. It should provide that when that event occurs then appellant shall immediately vacate the same and turn the possession thereof over to the appellee.

There is one further item in this regard. The findings of the court are to the effect that appellant should be awarded the furniture but the decree does not so

provide. It should be corrected accordingly by adding such a provision.

The decree, with reference to attorney fees for appellant's attorney, provides as follows: "Defendant shall pay to Thomas J. Sheehan, Jr., Attorney for plaintiff, * * * the sum of Six Hundred ($600.00) Dollars as attorney fees, payable at the rate of Twenty-five ($25.00) dollars per month to each, * * * until the full amount of $600.00 has been paid to each attorney."

In fixing the amount of attorney fees each case must be considered on its own merits. Such fees should be reasonable in amount considering the nature of the case. In so doing the court should consider the questions involved, the time reasonably necessary to properly prepare and present the case to the court, the amount involved, the results obtained, the character and standing of counsel, and all other factors bearing on or relating thereto.

In view of the foregoing we think the fee of $600, being in addition to the temporary allowance of $100 which has been paid, is reasonable and fair. However, we find the manner of its payment, which extends the time therefor over a period of two years, is unreasonable. It should be modified to make it payable at once, the same as the other costs.

We therefore direct that the decree of the trial court be modified as follows: That the provision therein relating to the cancellation or satisfaction of any unpaid balance of alimony, in case appellant remarries, be deleted therefrom and the payment of said installments be made definite and certain until the full sum of $5,000 has been paid; that the award of the use of the home to appellant for the benefit of the children be modified so it shall not terminate until all of the children are either self-supporting or emancipated; that the decree be made to include provisions in accordance with the court's finding that appellant be awarded the furniture; and that the provision with reference to the payment

of attorney fees awarded appellant's attorney be modified to make the fee allowed payable immediately. When modified in accordance herewith the decree of the trial court is affirmed.

The costs of this proceeding, including a fee of $250 allowed appellant's attorney for services rendered to her in this court, are taxed to appellee.

DECREE, WHEN MODIFIED AS DIRECTED, AFFIRMED.