VAN DIEPEN, Appellant, v. VAN DIEPEN, Respondent

(43 N. W.2d 499)

(File No. 9113. Opinion filed July 10, 1950)

**T. R. Johnson, Henry C. Mundt,** Sioux Falls, for Plaintiff and Appellant.

**J. D. Coon, Alan Bogue, LeRoy Kadinger,** all of Sioux Falls, for Defendant and Respondent.

ROBERTS, J.   In November 1948, a judgment was entered granting to the plaintiff a divorce, awarding to her alimony in the sum of $125 per month and disposing of the real property as follows:

"It appearing further that plaintiff and defendant are joint owners * * * in the following real estate: (description), it is ordered, adjudged and decreed that the title to said property remain in the parties to this action the same as it now is, with the right of the plaintiff to live in the house in which she now lives and the defendant to live in the house in which he now lives."

In January 1949, defendant filed a verified application to modify the decree.   He sets forth therein that he is financially unable to make the payments of $125 per month to the plaintiff and that it would be for the best interest of the parties to make a division of the jointly owned property. Plaintiff was required to show cause why the divorce decree should not be amended by reducing the amount of the alimony and making a division of the property.   Plaintiff in answer thereto filed an affivadit wherein she states: "Your affiant resists the order to show cause and the attempted division of the property as therein provided and states that it would be wholly inadequate and improper at this time.   Your affiant states that she has no money and has no earning capacity and is unable to provide for herself unless the defendant is required to keep making the alimoney payments as provided for in the decree of divorce. * * * Your affiant states that she would consider having all of the property definitely set aside to the respective parties on a fifty-fifty division plus that the defendant give a bill of sale to the plaintiff herein of the garbage truck which the defendant purchased recently and turn over to your affiant 200 garbage route customers to be selected from the list of customers that the defendant has and that said customers be chosen from the list of customers so that said customers

would be a fair choice from said list and in a territory in the City of Sioux Falls so that said selection would be fair."

The court after hearing entered an amended judgment reducing the monthly payments to $50 and awarding to the plaintiff the premises now occupied by her and the other real property in question to the defendant. The plaintiff has appealed from the so-called amended judgment.

The principal question presented is whether the court was without authority to modify the decree as to the disposition of property rights.

The statute and decisions in this state recognize that an allowance for the support of the wife or children is subject to revision or amendment as changed conditions may require. SDC 14.0726; Matthews v. Matthews, 71 S.D 115, 22 N.W.2d 27, and cases cited. The case of Cameron v. Cameron, 31 S.D. 335, 140 N.W. 700, 702, Ann.Cas.1915D, 1062, had to do with the authority of the court to modify a divorce decree to make an allowance to the wife where no provision for her support had been made in the original decree. It was held that the court was without authority to modify the decree. In the opinion in that case, it was said: "The original decree not having made any allowance of or reference whatsoever to alimony or support money for plaintiff, we are constrained to the view that there was nothing in said judgment to be, or that could be, modified in relation to the subject of alimony; that by not including alimony in the original judgment such judgment became final and conclusive upon the subject of alimony; and that no power or jurisdiction existed thereafter in that respect. If an allowance of alimony had been ordered and adjudged to be paid to plaintiff by defendant on the said motion and petition to modify the original judgment, it would not have been modification at all, but the creation of a new judgment on the subject of alimony, not theretofore existing in the cause. The continuing power to modify, comprehended in section 92, Civil Code (SDC 14.0726), does not apply to any part of the original judgment in this case, but only applies to the subject of alimony, which might originally have been a portion of said judgment, but which was not."

The rule as to modification is otherwise where the care, custody and maintenance of children is involved. Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316.

■ Plaintiff complains of the modification of that part of the original decree fixing the property rights of the parties. SDC 14.0726 authorizing modification of allowances does not apply to decrees dividing or allotting property and in the absence of fraud or other reason which would apply to any judgment, such a provision in a divorce decree cannot be modified. 27 C.J.S., Divorce, § 300(d); Kutchai v. Kutchai, 233 Mich. 569, 207 N.W. 818; Sinkler v. Sinkler, 49 N.D. 1114, 194 N.W. 817.

■ We conclude that the divorce decree became conclusive as to the property rights of the parties and that the trial court exceeded its authority in modifying the decree at the time and in the manner referred to. Counsel for defendant argues that plaintiff in her answering affivadit did not raise any issue involving the authority of the court to modify the decree and in fact requested the court to make a division of the property. The parties could not confer such jurisdiction even by consent or failure to object. Bacigalupi v. Bacigalupi, 72 Cal.App. 654, 238 P. 93; Bancroft v. Bancroft, 178 Cal. 367, 173 P. 582; Baxter v. Baxter, 3 Cal. App.2d 676, 40 P.2d 536; cf. People's Sec. Bank of Worthing v. Sanderson, 24 S.D. 443, 123 N.W. 873; O'Neal v. Diamond A Cattle Co., 63 S.D. 481, 260 N.W. 836. The court had authority to award alimony and as we have indicated the court retained the power to change the amount upon a showing being made that there had been a change in conditions. The conclusion reached, however, makes it unnecessary to consider the sufficiency of the showing of changed conditions to warrant a modification of the monthly allowance. The modified allowance was made with reference to the property adjustment and under the circumstances here presented should not be given effect.

The amended decree entered is therefore reversed and set aside.

All the Judges concur.