LOUIS A. FRANCIL, APPELLEE, V. CLARA FRANCIL, APPELLANT.

44 N. W. 2d 315

Filed October 18, 1950. No. 32837.

*Firmin Q. Feltz* and *G. B. Hastings,* for appellant.

*Baskins & Baskins,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

In this case, defendant wife was granted a decree of absolute divorce upon her cross-petition, charging extreme cruelty. In lieu of alimony, she was awarded certain described real property valued at approximately one-third of the estate accumulated by the parties during the marriage. Defendant's motion for new trial was overruled, and she appealed, assigning substantially that division of the property was inequitable and unjust. That is the sole issue presented, and we sustain the assignment.

, It is now elementary that in a divorce suit, where the court has jurisdiction of the parties, it has power to adjust all of their respective property interests and rights. Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721.

This court has consistently held that the division of property and allowance of alimony in a divorce action are always to be determined by the facts in each case. In arriving at decision thereof, the court, in the exercise of judicial discretion, should consider the estate of the parties, if any, at the time of the marriage and their

contributions since; the duration of the marriage; the wife's loss of interest in the husband's property by virtue of the divorce; the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the conduct of the parties leading up to the divorce; to which party the divorce was granted; the age, condition of health, and earning ability of the parties; and all other relevant facts and circumstances; and make such award as appears to be fair and equitable. Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847; Holmes v. Holmes, 152 Neb. 556, 41 N. W. 2d 919; Ristow v. Ristow, 152 Neb. 615, 41 N. W. 2d 924; Specht v. Specht, 148 Neb. 325, 27 N. W. 2d 390.

In the light of the foregoing, we have examined the record. Concededly, defendant was entitled to a divorce. The facts relating to the cause of the divorce attributable to plaintiff need not be related here. The parties were married June 26, 1916. During most of the 34 years of their marriage, they lived on a farm in Keith County. The defendant was always a faithful, frugal, and industrious wife. Their five children had all reached maturity at the time of trial. Defendant was then 54 years of age. She was in poor health and needed major surgery, but was without sufficient funds to obtain it. She had been cooking and washing dishes part time in a cafe to earn a livelihood. Because of plaintiff's conduct and neglect, defendant had left the farm in 1944 and purchased a home in Ogallala in her own name, where she lived thereafter with some of her children, while plaintiff remained a great part of that time in hospitals and under guardianship, necessitated by alcoholic liquor which he drank to excess. Concededly, there was an equity of $2,000 in that home, which the decree properly awarded to defendant.

During the marriage, plaintiff had inherited about $4,000 and defendant about $2,000, which sums were respectively contributed to the estate. The trial court found that each of the parties had personal property of

fairly equal value, and respectively quieted title thereto in each. The evidence upon the question of value of such personal property is meager, but in the light thereof and debts owing by plaintiff, together with sums received by defendant since the divorce was entered, we sustain that part of the decree so dividing the personal property.

During the marriage the parties purchased and paid for the southwest quarter of Section 11, the southeast quarter of Section 24, the southwest quarter of the northeast quarter of Section 24, and the northeast quarter of Section 25, all in Township 14 North, Range 40, consisting of 520 acres, free and clear of all encumbrances. Concededly, such land was worth approximately $100 an acre. Plaintiff lived upon and farmed the southeast quarter of Section 24 and the southwest quarter of the northeast quarter of Section 24, 200 acres all in one tract. Adjoining therewith on the south was the northeast quarter of Section 25, which was farmed by two of their sons. The southwest quarter of Section 11, given to defendant by the decree, although disconnected from the other land, was also farmed by the two sons.

Under the circumstances of this case, we conclude that, so far as possible, there should be an equal division of the property, making due allowance for the estate of each respectively brought to the marriage by the parties. Viewed in that light, defendant should be awarded the home in Ogallala, subject to the encumbrances thereon. The equity in such property was concededly about $2,000, the amount she brought into the estate. Defendant should also, however, be awarded not only the southwest quarter of Section 11, but also the south half of the northeast quarter of Section 25, or a total of 240 acres free and clear of all encumbrances.

On the other hand, title to the southeast quarter of Section 24, the southwest quarter of the northeast quarter of Section 24, and the north half of the northeast quarter of Section 25, or a total of 280 acres, should be quieted in plaintiff. The difference of 40 acres, valued

at about $4,000, represents the amount put into the estate by plaintiff.

We have not overlooked the fact that defendant received sums of money out of the income from the estate for the support of herself and their minor children during the periods while plaintiff was under guardianship. Contrary to plaintiff's contention, however, he is not entitled to credit for such sums in this action. Defendant was entitled to the payment of such sums as support money, and further, they were created by defendant's own industry from which plaintiff ultimately profited very substantially.

Costs are taxed to plaintiff, and since there was reasonable justification for her appeal, defendant's attorney is allowed an attorney's fee of $500, taxed as a part of the costs.

For the reasons heretofore stated, the decree, when modified as directed in this opinion, is affirmed.

AFFIRMED AS MODIFIED.