JOHNSON, Appellant v. LOWARY, Respondent

(132 N.W.2d 823)

(File No. 10141.  Opinion filed February 2, 1965)

**Chas. E. Gorsuch,** Aberdeen, for plaintiff and appellant.

**Vernon Williams, Elmer Thurow, Duane Thurow,** Aberdeen, for defendant and respondent.

HANSON, J. This is an appeal by plaintiff wife from an amended decree of divorce granting defendant custody of minor children and transferring title and possession of the family home to him. The authority of the court to modify its decree with reference to the real property is the single issue presented.

The parties were married on January 9, 1948 to which union three children were born. In January, 1963 plaintiff commenced an action for divorce requesting custody of the minor children, settlement of property rights, and support and maintenance for herself. The parties entered into a property settlement agreement which was approved by the court and its terms incorporated in the decree of divorce entered on March 14, 1963. The material portions of the property settlement and decree are as follows:

(1) Plaintiff, Joyce Lowary, was granted an absolute divorce from defendant, Keith Lowary.

(2) Plaintiff was granted custody, control and care of the three minor children but prohibited from removing them from the state without permission of the court. Defendant was granted certain visitation rights and obligated to pay $200 per month for the support of the minor children.

(3) All right, title and interest in the family home located in Brown County was vested in plaintiff with the limitation that "plaintiff shall not have the right to sell, dispose of or further encumber said real estate until the youngest child reaches his majority or shall become self supporting, without the consent of the Defendant or without permission of the court in the event the defendant should become deceased prior to the time that the youngest of said children reaches his majority or becomes emancipated." Defendant was also ordered to execute and deliver a warranty deed of such property to plaintiff.

(4) Other items of personal property, including a trucking business, were divided in accordance with the terms of the property settlement.

In October 1963 plaintiff filed an application requesting permission to remove the minor children from the State of South Dakota as she had remarried and her husband was employed at Phoenix, Arizona. Plaintiff also notified the court that defendant had failed to execute and deliver the warranty deed as required in the final decree of divorce. The matter was noticed for hearing on October 17, 1963 but was thereafter adjourned from time to time until November 21st. During this period a warranty deed was delivered by defendant to plaintiff and defendant filed a motion to amend the decree.

At the hearing on November 21, 1963, the court denied plaintiff's application and entered an amended judgment and decree. So far as material the amended decree (1) grants defendant custody, care, and control of the minor children subject to plaintiff's right of reasonable visitation and (2) all right, title, and interest in the family home is vested in defendant for the use and benefit of the minor children and any deed of conveyance issued by defendant to plaintiff is ordered to be vacated, and set aside.

■■ The court exceeded its authority in so amending its decree with reference to the real property. The provisions of a final decree of divorce adjusting and settling property rights of the parties cannot be set aside, modified, or altered except for fraud, mistake, or other like reason applying to all judgments. Van Diepen v. Van Diepen, 73 S.D. 366, 43 N.W.2d 499. As no appeal was taken from the final decree entered in the present action the provision vesting title in fee to the residential property in plaintiff became a final and conclusive property right determination. It could not thereafter be set aside, modified, or altered by the court.

■ The rule is otherwise with respect to the provisions of a final decree relating to the care, custody, maintenance, and education of the minor children of a marriage, Houghton v. Houghton, 37 S.D. 184, 157 N.W. 316, which may be vacated, altered, or modified from time to time upon changed conditions

subsequently arising as the welfare and best interests of the children require. SDC 14.0724 and 14.0726. In this regard and for the purpose of assuring the children a home a court may assign the use and possession of the home to the custodial parent separate and apart from the fee title. Stearns v. Stearns, 80 S.D. 443, 126 N.W.2d 124; Holmes v. Holmes, 152 Neb. 556, 41 N.W.2d 919. Apparently this was intended in the present case. The residential property was not unconditionally granted to plaintiff. It was burdened with the condition it could not be sold, disposed of, or encumbered until the youngest child reached majority. Such provision was imposed to assure the minor children a home and as an incident to the court's authority to provide for their care, support, and maintenance, Stearns v. Stearns, supra. Consequently, it was subject to modification upon changed conditions subsequently arising. Dougherty v. Dougherty, 76 S.D. 318, 77 N.W. 845. The possessory rights of minor children were not involved in the case of Van Diepen v. Van Diepen, 73 S.D. 366, 43 N.W.2d 499 cited above.

■■ The final decree granted plaintiff the use and possession of the residential property. This was collateral to her custody of the minor children and contemplated their use and enjoyment of it as a home. When custody of the children was changed use and possession of the home could likewise be changed by the court. Fairchild v. Fairchild, 87 Cal.App.2d 172, 196 P.2d 60. Under the circumstances, however, plaintiff would be entitled to have her interest in the real property protected by suitable provisions in the amended decree requiring the payment of taxes, encumbrance, and the cost of upkeep and repair by defendant during the period of its occupancy by him and the minor children.

Reversed.

BIEGELMEIER and HOMEYER, JJ., concur.

ROBERTS, P. J., dissents in part.

RENTTO, J., concurs specially.

ROBERTS, P. J., (dissenting in part). Jurisdiction of a circuit court hearing divorce matters depends on the grant of the statute and not upon its general equity powers.

The statute recognizes the common law obligation resting upon the father to provide for the maintenance of the children. SDC 14.0726. The court has continuing authority to revise or alter provisions of a divorce decree for care, custody and support of children. SDC 14.0724, 14.0726. This is in recognition of the fact that the continuing welfare of children may be adversely affected by changing circumstances unless provisions in the decree are changed. The court cannot, however, in the absence of fraud or other similar grounds alter or modify the other rights of the parties resulting from the divorce or from the division or assignment of property including the homestead. Van Diepen v. Van Diepen, 73 S.D. 366, 43 N.W.2d 499.

It is indicated in the majority opinion that property of the wife fixed in her by the original decree and freed of rights of homestead and not subject to a trust or other right for the benefit of the minor children may be awarded as part of their support allowance. This the court has in my opinion no statutory authority to do.

RENTTO, J., (concurring specially). I concur in the opinion to the extent that it reverses the amended judgment because the trial court exceeded its authority in amending its decree with reference to the real property. However, it seems to me that some of the views expressed in the remainder of the opinion are in the nature of directions to the trial court. With these I do not agree.