**Marlys HANISCH, Plaintiff and Respondent,**

v.

**Leo J. HANISCH, Defendant and Appellant.**

No. 12364.

Supreme Court of South Dakota.

Argued Oct. 16, 1978.

Decided Jan. 5, 1979.

---

Donald H. Breit, Sioux Falls, for plaintiff and respondent.

Vance R. Goldammer, of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and appellant.

DUNN, Justice (on reassignment).

This is an appeal in a divorce action from an order of the Circuit Court of the Second Judicial Circuit which adjudged the defendant guilty of contempt, modified a property settlement adopted in the original decree, and required defendant to pay plaintiff's attorney fees. Defendant appeals. We affirm in part and reverse and remand in part.

On December 5, 1973, a judgment and decree of divorce terminated the marriage

of Leo and Marlys Hanisch and gave custody of their five children to plaintiff wife. The divorce decree adopted a property settlement agreement signed by the parties granting possession of the house to plaintiff and requiring her to be responsible for all mortgage, tax, insurance and repair payments. Defendant retained his one-half interest in the house which was to be sold no later than upon completion of high school by the youngest child, and the proceeds from said sale were to be divided. Either party making capital improvements in the interim were to be given credit for said improvements at the time of the division of the proceeds. The decree also required defendant to pay child support in the amount of $100 per week and to pay certain medical expenses. The decree provided that as each of the first two children attained majority age the child support obligation would be reduced by $20 per week, and as the next two children attained majority age, it would be reduced by $10 per week.

On July 1, 1976, that decree was modified by the court upon plaintiff's application. The modifications required defendant to pay an increased share of medical expenses, increased the child support to $105 per week, forbade defendant to enter the house without plaintiff's permission, and directed him to make certain repairs or improvements to the house within thirty days.

In June of 1977, plaintiff again moved to modify the decree to provide more support. Plaintiff also requested a finding of contempt for defendant's failure to comply with the July 1, 1976 order. A hearing was held, and on December 14, 1977, the court entered findings of fact and conclusions of law and an order which, among other things: (1) adjudged defendant in contempt of court for entering the house without plaintiff's permission, for failing to pay the child support in compliance with the July 1, 1976 order, and for failing to keep his portion of the medical expenses paid and current; (2) terminated defendant's interest in the house and directed him to transfer all of his right, title and interest therein to plaintiff; and (3) ordered defendant to pay plaintiff's attorney fees. It is from these three portions of the September 14, 1977 order that defendant appeals.

Defendant first contends that the court erred in adjudging him to be in contempt of court for failing to obey the July 1, 1976 order. We disagree. The evidence in the record of the defendant's late and vexatious manner of making support payments, his deductions from support payments upon his own determination without further order of the court, his failure to pay medical bills promptly according to the order, and his invasion of the premises through one of the children in direct violation of the order provide sufficient evidence for the trial court's finding of contempt. However, the trial court failed to recite the four elements of contempt in its findings, namely, (1) existence of an order, (2) knowledge of an order, (3) ability to comply with the order, and (4) wilful or contumacious disobedience. In view of our remand for other reasons, the trial court should make a direct finding of fact that the four elements of contempt are present here. *Krueger v. Krueger*, 1913, 32 S.D. 470, 143 N.W. 368; *Hoffman v. Hoffman*, 1910, 26 S.D. 34, 127 N.W. 478.

Defendant's second contention on appeal is that the trial court erred in awarding plaintiff all right, title and interest in the house which was previously owned jointly by the parties and in directing defendant to execute a quit claim deed. The joint ownership was confirmed by the stipulated property agreement incorporated in the December 5, 1973 judgment and decree of divorce. We agree.

It is well settled in South Dakota that property rights of parties to a divorce as contained in the decree of divorce cannot be modified in the absence of fraud or other reason which would apply to any judgment. *Holt v. Holt*, 1970, 84 S.D. 671, 176 N.W.2d 51; *Van Diepen v. Van Diepen*, 1950, 73 S.D. 366, 43 N.W.2d 499.

It is undisputed in the present case that the defendant's title and interest in the house are property rights, and it is also undisputed that said rights were determined in the decree of December 5, 1973.

Property rights cannot be readjudicated in order to punish defendant for contempt. We find the trial court erred in readjudicating the property rights of the parties, and that portion of the order awarding all right, title and interest in the house to plaintiff and directing defendant to execute a quit claim deed is hereby vacated.

Finally, defendant contends that the trial court erred in making him responsible for plaintiff's attorney fees. The allowance of attorney fees rests in the sound discretion of the trial court and will not be interfered with by this court unless it appears there is error in the exercise thereof. *Baron v. Baron*, 1947, 71 S.D. 641, 28 N.W.2d 836. The amount awarded in this case was not excessive and cannot be said to be an abuse of discretion by the trial court. Certain portions of the order appealed from were not contested on appeal and remain valid modifications of the July 1, 1976 order and the December 5, 1973 decree. Further, success or failure on appeal is not sufficient to determine whether an award of attorney fees was error. *Baron v. Baron*, supra; *Foss v. Foss*, 1968, 83 S.D. 574, 163 N.W.2d 354; *Kressly v. Kressly*, 1958, 77 S.D. 143, 87 N.W.2d 601.

We affirm the trial court's adjudication of contempt and its award of attorney fees to plaintiff. We remand the case with direction to the trial court to make a specific finding of fact as to the elements of contempt and to vacate that portion of the order which readjudicated property rights of the parties.

ZASTROW and PORTER, JJ., concur.

WOLLMAN, C. J., and MORGAN, J., dissent.

MORGAN, Justice (dissenting).

I dissent from that portion of the majority opinion that affirms the judgment of contempt that is wholly unsupported by adequate findings.

Further, in reviewing the record I do not find sufficient acts on the part of the de-

fendant that would in my opinion support a finding of willful or contumacious disobedience so as to constitute contempt, which I consider a serious offense.* The nonpayment of medical bills which were covered by insurance was explained. The reduction in support payments when one child left the plaintiff's custody was in accord with the decreed provision. The fact that the defendant didn't employ counsel to come into court and secure a "paper approval" appeared to be dictated more by finances than by contumacity or willfulness. Defendant was absolved of part of the charge of getting property out of the house and as to the other, it was so minor as to be frivolous. As to the alleged irregularity in the support payments which didn't appear to me to be all that irregular, the trial court finally availed itself of the remedy of requiring payments to the clerk of courts, a remedy it could have exercised long before it did.

I would hold contempt punishment for far more important deviations.

I am authorized to state that Chief Justice WOLLMAN joins in this dissent.

* Lacking the finding that the acts on the part of the defendant were willful or contumacious I do not feel constrained to follow the clearly

erroneous rule under which we usually review the trial court's findings.