**Sharon Kay BRUGGEMAN, Plaintiff and Appellant,**

v.

**Denis Edward BRUGGEMAN, Defendant and Appellee.**

No. 12624.

Supreme Court of South Dakota.

Decided May 14, 1980.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant; Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

John C. Quaintance, Sioux Falls, for defendant and appellee; Reed A. Rasmussen, Legal Intern, Sioux Falls, on brief.

PER CURIAM.

Plaintiff appeals from a judgment amending her original divorce decree. We affirm.

Plaintiff and defendant were divorced on June 20, 1977, after sixteen years of marriage. The divorce decree incorporated a stipulation agreed to by plaintiff and defendant concerning the division of property, child custody, and child support. This stipulation granted plaintiff custody of the four children, ages eleven to seventeen, and $150 per child per month. The marital home remained in joint tenancy, with plaintiff retaining possession

> until such time as the youngest child of the parties then in Plaintiff's custody reaches the age of 18 or is emancipated or until such time as Plaintiff remarries, whichever shall occur first, at which time the parties agree that the Plaintiff shall vacate the premises within sixty (60) days of the happening of any one of the aforesaid circumstances and the home shall thereafter be sold.

In 1978 defendant moved to modify the divorce decree. The trial court granted his motion. Defendant was given custody of the children; the child support payments were terminated. Plaintiff was ordered to vacate the marital home, sell it, and divide the proceeds evenly between herself and defendant.

■ A final decree awarding custody of a child is a judgment of the court, even if it is based upon an agreement of the parties. To modify a final decree the moving party must show a change of circumstances affecting the welfare of the children. *Hershey v. Hershey*, 85 S.D. 85, 177 N.W.2d 267 (1970); *Wright v. Stahl*, 73 S.D. 157, 39 N.W.2d 875 (1949).

■ Plaintiff argues that defendant did not show a sufficient change of circumstances to warrant the change of custody. We do not agree.

In this case defendant has shown a sufficient change of circumstances. On many occasions after the divorce, defendant was called by plaintiff, the children, and the police to come and get the children and care for them because plaintiff had, or had threatened to, physically eject the children from the house. The children's stays with defendant increased in frequency as plaintiff's drinking increased and her relationship with the children deteriorated. The children asked to move in with their father; plaintiff agreed. After defendant moved from a two-bedroom apartment to a larger home the children moved in with him.

This evidence indicates that the family situation dramatically changed, in part with plaintiff's consent, from the time when plaintiff and defendant agreed to the terms incorporated in the divorce decree. The stormy relationship between plaintiff and the children, combined with the children's strong desire to live with defendant and plaintiff's agreement to let the children live with defendant, shows a change of circumstances sufficient to modify the provisions of the decree concerning child custody. *Hershey v. Hershey*, supra.

■ By the stipulation and divorce decree the possession of the marital home was contingent upon plaintiff's retaining custody of the children. The provisions in the decree relating to one home, like those in *Johnson v. Lowary*, 81 S.D. 202, 132 N.W.2d 823 (1965), were for the purpose of assuring a home for the children. In *Johnson*, supra, we indicated that

> a court may assign the use and possession of the home to the custodial parent separate and apart from the fee title. *Stearns v. Stearns*, 80 S.D. 443, 126 N.W.2d 124; *Holmes v. Holmes*, 152 Neb. 556, 41 N.W.2d 919. Apparently this was intended in the present case. The residential property was not unconditionally granted to plaintiff. It was burdened with the condition it could not be sold, disposed of, or encumbered until the youngest child reached majority. Such provision was imposed to assure the mi-

nor children a home and as an incident to the court's authority to provide for their care, support, and maintenance, *Stearns v. Stearns*, supra. Consequently, it was subject to modification upon changed conditions subsequently arising. *Dougherty v. Dougherty*, 76 S.D. 318, 77 N.W. 845.

81 S.D. at 206, 132 N.W.2d at 825. The same reasoning is applicable to the case at bar.

The judgment of the trial court granting defendant custody of the children and ordering the sale of the house is affirmed.

MARTIN, Circuit Judge, sitting for DUNN, J., disqualified.